IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CORE NATURAL RESOURCES, INC. <br><br> Defendant. | ELECTRONICALLY FILED 3/07/2025 U.S. DISTRICT COURT Northern District of WV <br><br> Case No. 2:25-cv-4 Kleeh <br><br> **COMPLAINT - CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb") (collectively, "Plaintiffs"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Core Natural Resources, Inc., ("Defendant"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiffs on their own behalf and on behalf of the other similarly situated persons against Defendant, their employer for WARN Act purposes.

2. Defendant operates a mine located at 21550 Barbour County Hwy, Philippi, West Virginia ("Facility"), where Plaintiffs and those they seek to represent worked.

3. Within 90 days of January 14, 2025, upon information and belief, Defendant abruptly terminated several groups of employees, unilaterally and without proper notice to

1

employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Facility.

4. Plaintiff Malcomb was terminated on January 14, 2025, as part of a mass layoff. He was notified on that same day that he would be laid off.

5. Defendant's layoffs continued. On February 21, 2025, Plaintiff Loughrie was laid off, as part of a mass layoff. He was notified on that same day that he would be laid off.

6. Upon information and belief, Defendant did not provide Plaintiffs with prior notice nor did Defendant inform the state or local authorities of a mass layoff.

7. Plaintiffs bring this action, individually and on behalf of other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendant on or around January 14, 2025, and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

8. Plaintiffs and other similarly situated employees should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

11. At all times herein relevant, the Representative Plaintiffs are members of the Nationwide class (as defined below)

12. Plaintiff Caleb Malcomb is a citizen of the United States and resident of Randolph County, West Virginia. Plaintiff Malcomb was employed by Defendant at all relevant times at the Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

13. Plaintiff Jason Loughrie is a citizen of the United States and a resident of Preston County, West Virginia. Plaintiff Loughrie was employed by Defendant at all relevant times at the Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

14. Defendant Core Natural Resources, Inc., is incorporated in Pennsylvania with a corporate headquarters located at 275 Technology Drive, Suite 101, Canonsburg, PA 15317-9565. As registered with the Pennsylvania Secretary of State, Defendant may be served via its registered agent, CT Corporation System, 600 N 2nd Street, Harrisburg, PA 17101.

15. Upon information and belief, Defendant conducted business in this district and, at all relevant times, operated the Facility where Plaintiffs and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

## FACTS

16. On or around January 14, 2025, Defendant notified Malcomb and other employees that their employment would be terminated immediately on that day.

17. Defendant's layoffs continued after that. On or around February 21, 2025, Defendant notified Loughrie that his employment would be terminated immediately that day.

18. Altogether, at least 165 employees were affected by the layoffs.

19. Upon information and belief, the Facility was running as usual, and employees had no indication that Defendant intended to reduce the workforce.

20. Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

21. In other words, Defendant did not provide employees with "a brief statement for reducing the notice period." 20 C.F.R. § 639.9

22. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

23. By failing to provide its affected employees who were temporarily or permanently terminated on or around January 14, 2025, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 14, 2025.

25. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

4869-5332-6016, v. 1

a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2).

c. Plaintiffs are members of the class, and the claims are typical of the claims of other class members. Plaintiffs have no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3).

d. Plaintiffs will fairly and adequately represent the class and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4).

26. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the class as a whole.

4869-5332-6016, v. 1

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## COUNT I
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.
## (WARN Act)
### (*On behalf of Plaintiffs and the putative class*)

29. Plaintiffs re-allege and incorporate all preceding paragraphs as if set forth in full here.

30. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

31. Plaintiffs and those they seek to represent were at all relevant times "affected employee[s]" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

32. The January 13, 2025, terminations at the Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations occurring within any 90-day period, including those occurring on February 21, 2025, may be aggregated. 29 U.S.C. § 2102(d).

33. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which work was assigned, and the place to which they reported for work.

34. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State

or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

35. On information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give proper written notice to WorkForce West Virginia, or to the chief elected official of the local government within which the mass layoff was ordered. Upon information and belief, as of this filing, Defendant have still failed to provide the requisite notice.

36. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about January 13, 2025.

37. As such, Plaintiffs and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

38. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

39. Moreover, Defendant's violation of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiffs and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiffs and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

**JURY TRIAL DEMANDED**

Dated: March 7, 2025

Respectfully submitted,

*/s/ Rodney A. Smith*

Rodney A. Smith (WVSB # 9750)
M. Alex Urban (WVSB # 13480)
**ROD SMITH LAW PLLC**
108 ½ Capitol St., Suite 300
Charleston, WV 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529
rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Iadevaia (TN BPR # 41622)
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Ian Bensberg*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

9

(317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

*Pro Hac Vice* applications to be submitted

*Counsel for Plaintiffs and the Proposed Class*

10