IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JASON LOUGRIE; CALEB                )
MALCOMB, *individually and on behalf* )
*of those similarly situated,*        )
                                      )
      Plaintiff,               )
                                      )
v.                                    )      Case No.:  2:25-cv-4
                                      )      Judge Kleeh
CORE NATURAL RESOURCES, INC.          )
                                      )
      Defendant.               )

## ANSWER OF DEFENDANT CORE NATURAL RESOURCES, INC.

COMES NOW Defendant Core Natural Resources, Inc., by and through its undersigned counsel, Michael J. Moore, Bryan R. Cokeley, Dallas F. Kratzer, III, and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiffs' Complaint as follows:

1.      Defendant admits that Plaintiffs have characterized their civil action in Paragraph 1 of the Complaint, and, accordingly, there are no factual allegations that call for admission or denial.  To the extent that Paragraph 1 of the Complaint can be construed as containing factual allegations, Defendant denies same.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint because it neither owns nor operates the Leer South mine located at 2150 Barbour County Hwy, Philippi, West Virginia.[1]

---

[1] The mine in question, Leer South, is owned and operated by Wolf Run Mining, LLC.  Defendant reserves the right to either have the proper entity substituted as the defendant, or to have this civil action dismissed.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint, but admits that Wolf Run Mining, LLC terminated the employment of less than 33% of the active, full-time employees at the Leer South mine.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint, but admits that Plaintiff Malcomb was temporarily placed on "low earnings" by Wolf Run Mining, LLC, his employer, on or about January 24, 2025.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint, but admits that Plaintiff Loughrie's employment was terminated by Wolf Run Mining, LLC, his employer, as part of a reduction in force.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint, but admits that Wolf Run Mining, LLC did not issue a WARN Act notice, because such was not required under applicable law.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint, but admits that Plaintiffs purport to bring a civil action under the WARN Act.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint, but admits that Plaintiff Malcomb was employed by Wolf Run Mining, LLC.  Defendant is without

2

knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff Malcomb's allegations regarding his current residence.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint, but admits that Plaintiff Loughrie was employed by Wolf Run Mining, LLC.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff Loughrie's allegations regarding his current residence.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint, but admits that Wolf Run Mining, LLC notified Plaintiff Loughrie that his employment would be terminated on or about February 21, 2025.

18.     Defendant admits the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint, but admits that it was not the employer of Plaintiffs and did not provide any statements regarding the WARN Act.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint, but admits that it was not the employer of Plaintiffs and had no obligations under the WARN Act.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint, but admits that it was not the employer of Plaintiffs and, accordingly, had no obligations under the WARN Act.

24.     In Paragraph 24 of their Complaint, Plaintiffs characterize their civil action and make no factual allegations; accordingly, Defendant is not required to make either an admission or denial.  To the extent that Paragraph 24 can be construed as containing factual allegations, Defendant denies same.

25.     Defendant denies the allegations contained in Paragraph 25 (and its subparagraphs) of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant restates its answers to the paragraphs incorporated by reference into Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint, but admits that the Leer South mine was a single site of employment.

34.     Paragraph 34 of the Complaint contains a statement of law; accordingly, there are no factual allegations that require Defendant to make either an admission or a denial.  To the extent that Paragraph 34 of the Complaint can be construed as containing factual allegations, Defendant denies same.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint, but admits that it did not issue a WARN Act notice.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains a statement of law; accordingly, Defendant is not required to make an admission or a denial.  To the extent that Paragraph 38 of the Complaint can be construed as containing factual allegations, Defendant denies same.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint, but admits that Wolf Run Mining, LLC did not violate the WARN Act.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

5

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have named the wrong entity as a defendant and, accordingly, this civil action should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Any employment losses experienced by Plaintiffs or any other employee in the purported class were the result of separate and distinct actions and causes and were not an attempt to evade the requirements of the WARN Act; accordingly, they cannot be aggregated.

## FOURTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that any act or omission was not a violation of the WARN Act, and, accordingly, any liability found or penalty assessed should be reduced.

**WHEREFORE,** Defendant requests judgment as follows:

1.      That the Complaint be dismissed in all aspects;

2.      That Defendant be granted its costs and fees for this action, including reasonable attorney fees; and

3.      That Defendant be granted such other and further relief as the Court may deem proper.

**DATED** this 16th day of April 2025.

6

/s/Michael J. Moore
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
STEPTOE & JOHNSON PLLC          Bridgeport, WV 26330
Of Counsel                       Phone:  (304) 933-8000
michael.moore@steptoe-johnson.com


Bryan R. Cokeley (WVSB #774)
Chase Tower, 17th Floor
STEPTOE & JOHNSON PLLC          707 Virginia Street, East (ZIP 25301)
Of Counsel                       P.O. Box 1588
Charleston, WV 25326-1588
Phone:  (304) 353-8116
bryan.cokeley@steptoe-johnson.com


Dallas F. Kratzer III (WVSB #12350)
41 South High Street, Suite 2200
STEPTOE & JOHNSON PLLC          Columbus, OH 43215
Of Counsel                       Phone:  (614) 458-9889
dallas.kratzer@steptoe-johnson.com

*Counsel for Defendant*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JASON LOUGRIE; CALEB                     )
MALCOMB, *individually and on behalf*    )
*of those similarly situated,*           )
                                         )
      Plaintiff,                      )
                                         )
v.                                       )      Case No.:  2:25-cv-4
                                         )      Judge Kleeh
CORE NATURAL RESOURCES, INC.             )
                                         )
      Defendant.                      )

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2025, I served the foregoing "**Answer of Defendant Core Natural Resources, Inc.**" using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Rodney A. Smith
M. Alex Urban
ROD SMITH LAW PLLC
108 ½ Capitol St., Suite 300
Charleston, WV 25301
Phone:  (304) 342-0550
rod@lawwv.com
arban@lawwv.com

J. Gerard Stranch, IV
Michael C. Iadevaia
STRANCH, JENNINGS, & GARVEY, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Phone:  (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samual J. Strauss
Raina C. Borrelli
Strauss Borrelli PLLC
908 N. Michigan Avenue, Suite 1610
Chicago, IL  60611
(872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops
Ian Bensberg
Cohen and Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 43204
Phone:  (317) 636-6481
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

*Counsel for Plaintiffs and the*
*Proposed Class*

*Counsel for Plaintiffs and the*
*Proposed Class*


*/s/Michael J. Moore*
Michael J. Moore (WVSB #2643)

25774365.1