IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  2:25-cv-4 |
| | ) | Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF UNDER
RULE 56(D) AND MOTION TO STRIKE AFFIDAVIT OF JOSHUA CARR**

Pursuant to Fed. R. Civ. P. 56(d), Plaintiffs Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb"), collectively ("Plaintiffs"), respectfully submit this memorandum in support of their request for relief under Rule 56(d) and to strike the affidavit of Joshua Carr. By separate Motion, Plaintiffs are also concurrently moving to indefinitely stay briefing on Defendant Core Natural Resources, Inc.'s ("Core") Motion for Summary Judgment. D.E. 28.

This is a dispute under the WARN Act that is in its infancy. Mere days after producing some initial disclosures to Plaintiffs, Defendants ran to the courthouse and sought summary judgment without following the Local Rules that require a statement of undisputed material fact. Core's Motion is wholly premature, and Plaintiffs do not yet have sufficient information to respond to the Motion. Relief is warranted under Fed. R. Civ. P. 56(d), and Core's Motion for Summary Judgment should be denied without prejudice or held in abeyance until discovery closes.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs filed this case on March 7, 2025. D.E. 1. The Complaint alleges that several rounds of layoffs took place at a mine in Philippi, West Virginia in early 2025. D.E. 1 at ¶¶ 2–5.

Plaintiffs allege that they were entitled to notice and protection under the WARN Act and that Defendants ignored the statute. D.E. 1 at ¶¶ 7–8, 16–23. Importantly, the Complaint alleged two alternative theories of liability under the WARN Act: (a) that Defendant's closure constituted a mass layoff, and also (b) that the closure amounted to a plant closing. *E.g.*, D.E. 1 at ¶ 35. Defendant Core answered the complaint on April 16, 2025 in lieu of filing a motion to dismiss and denied almost all of the allegations in the complaint. D.E. 15. The answer raised only four affirmative defenses: failure to state a claim, naming the wrong entity, aggregation under the WARN Act, and good faith. D.E. 15 at 5–6, PageID# 80–81.[1]

On June 12, 2025, the parties filed their Joint Rule 26(f) report. D.E. 20. Then, on July 2, 2025, mere weeks ago, this Court entered its first scheduling order. D.E. 25. That order specified that discovery was to be completed on February 27, **2026**, with a mediation scheduled at the end of 2025. D.E. 25 at 2, PageID# 120. Dispositive motions are due April 17, **2026**. *Id.* Pertinent here, the scheduling order explicitly requires the parties to refer to the Local Rules in filing motions for summary judgment. *Id.* at 6, PageID# 124. It also requires: "Factual assertions made in memoranda should be supported by specific references to affidavits, depositions, or other documents made a part of the record before the Court." *Id.* There is nothing unusual about a scheduling order like this, but Core apparently failed to read it before filing its Motion for Summary Judgment.

---

[1] Any defenses in a WARN Act case that are not pled in an answer are waived. Fed. R. Civ. P. 8(c); *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) ("We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived.") (WARN Act case). Because Core did not provide a WARN notice, D.E. 15 at ¶ 6, it cannot avail itself of certain defenses. 29 U.S.C. § 2102(b)(3); *Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1284 (11th Cir. 2013) ("The unforeseeable business circumstances defense does not jettison this absolute requirement under the WARN Act; even where the defense is properly invoked, *some* notice must be given.") (emphasis in original).

On August 13, 2025, counsel for Core made a production via email to Plaintiffs. Ex. 1.[2] In that email, counsel stated, "We believe that this demonstrates that there was not a WARN violation in this case." *Id.* There was no mention in the email about any forthcoming motion. One week later, Core filed its affirmative summary judgment motion with the Court, contending that it is entitled to judgment as a matter of law and that there was no violation of the WARN Act. D.E. 28. To this Motion, Core attached an affidavit of Joshua Carr,[3] an employee of the mine in question. D.E. 28-1. Core also attached various spreadsheets of employee names and duties. D.E. 28-2, 28-3, 28-4, 28-5. This Motion is premature and does not comply with the Local Rules.

On August 25, 2025, counsel for Core sent a letter directly to this Court. Ex. 2. That letter stated, in full:

> Judge Kleeh —
>
> On August 20, 2025, Core Natural Resources Inc. submitted its motion for summary judgment in this matter. Along with that motion, Core submitted the affidavit of Joshua Carr, which referenced four attachments. *See* ECF No. 28-1, PageID 166. We did not file the attachments largely because the motion did not rely on information from Attachments C and D *and* Attachment C spans more than 300 pages. The remaining attachments were filed as separate exhibits. *See* ECF No. 28-3 (Employee List (Dec. 23, 2024)), *and* ECF No. 28-5 (Employee List (Nov. 28, 2024)).
>
> After discussing this matter with your staff, and in the interest of providing you with a complete record, we are enclosing a flash drive containing a copy of the affidavit and its attachments. We have also served the same on Plaintiffs' counsel and filed a certificate of service.
>
> Very truly yours,
>
> *Dallas F. Kratzer, III*
>
> Dallas F. Kratzer, III

---

[2] Core even admits in its Motion that it only served the relevant material to Plaintiffs' counsel on August 13, 2025. D.E. 28 at 5, PageID# 142.

[3] In its initial disclosures, Core identified Mr. Carr as a key witness, but also identified Larry Gore, the manager of Wolf Run, as another important witness, and pointed to various unknown "other representatives who are necessary to provide evidence regarding change in workforce from November of 2024 through February 21, 2025." D.E. 24 at 2–3, PageID# 113–114.

Counsel for the undersigned did not receive this letter until the week following Labor Day. This letter came with a flash drive that contained two pdf files, one numbering 3,205 pages and a second numbering 7 pages. The August 25, 2025 letter makes several startling admissions: (a) that apparently Core sought summary judgment without filing exhibits in the record that were relevant to its motion because they were too voluminous ("We did not file the attachments…"); (b) that Core belatedly disclosed what it considers to be "a complete record"; and (c) that Core provided no contemporaneous notice of any of this to Plaintiffs' counsel other than the letter. The August 25 letter further contained no indication of whether it was mailed, emailed, or sent via FedEx to opposing counsel. Core turned over what they claim is 300 pages worth of records to the Court in a letter dated August 25, 2025. Ex. 2.  Plaintiffs received the letter on September 2, 2025. At this juncture, Plaintiffs are not sure if the data submitted to the Court in a thumb drive is the same data previously produced to them and subject to a protective order. Nonetheless, Plaintiffs have not had sufficient time to investigate the data prior to filing this motion.

This case has barely begun. The scheduling order specifies that discovery ends in late February of **2026**. D.E. 25 at 2, PageID# 120. Plaintiffs served their first round of affirmative discovery requests on August 28, 2025. D.E. 32; Ex. 3 (discovery requests). Defendant served its first production on August 13, 2025, and sought summary judgment a mere week later. D.E. 28. In sprinting to the courthouse to try and convert this initial production into a dispositive motion, Core ignored that the Local Rules require a Statement of Undisputed Material Facts. Local Rule 7.02(a) ("Motions for summary judgment shall include or be accompanied by a short and plain statement of uncontroverted facts."); *see also* D.E. 25 at 6, PageID# 124 (incorporating Local Rule 7.02 into scheduling order for dispositive motions). The only support for Core's motion is the

attorney-drafted affidavit of its employee. D.E. 28-1. That is not only insufficient but improper. The Motion should be denied outright for failure to comply with the Local Rules.

## ARGUMENT

No rule bars a party from seeking summary judgment early in a case. But because WARN Act cases are generally fact-intensive, seeking summary judgment this early is unusual. But Core has strayed even further from the norm here by simply relying on an affidavit from a human resources manager as the *sole basis* for its motion. Not only did Core fail to comply with the Local Rules regarding the presentation of such information, but Mr. Carr's affidavit is strewn with hearsay, unsupported statements, and other claims that Plaintiff simply has not yet had the time to test. If any party in litigation could simply throw together an employee affidavit, tack on some argument, and then affirmatively seek summary judgment, the adversarial system would cease to function. Under Rule 56(d)(3), this Court can issue any appropriate order. This Court should deny Defendants' Motion outright for failing to comply with the Local Rules. But the Court should also grant Plaintiffs relief under Rule 56(d) so that they can take discovery in the normal course and get this case back on its already-scheduled track.

### I.    Standard of Review

Rule 56(d) states in full: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).[4] "As a general proposition, "summary judgment is appropriate only after 'adequate time for discovery.'" *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264,

---

[4] Rule 56(d) replaced the former Rule 56(f). *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 275 n.6 (4th Cir. 2013).

5

280 (4th Cir. 2013) (quoting *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 961 (4th Cir. 1996)); *see also CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion."); *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

    "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans*, 80 F.3d at 961); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) ("This requirement in turn is qualified by Rule 56(f)'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."). Here, counsel has filed a concurrent affidavit.[5] It need not be exhaustive. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003) ("Further, where, as in the present litigation, no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid."). Rule 56(d) motions are broadly favored. *Bryant v. Woodall*, No. 1:16CV1368, 2017 WL 1292378, at *3 (M.D.N.C. Apr. 7, 2017) (granting Rule 56(d) motion).

---

[5] And even then, courts have said when a case has not proceeded into discovery, an affidavit may not be necessary. *See, e.g.*, *Zipit Wireless Inc. v. Blackberry Ltd.*, No. 6:13-CV-02959-JMC, 2016 WL 5933975, at *10 (D.S.C. Oct. 12, 2016) (denying summary judgment under Rule 56(d) and assessing caselaw); *Invs. Title Ins. Co. v. Bair*, 232 F.R.D. 254, 256 (D.S.C. 2005) ("Nevertheless, in some cases courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit.").

## II. Inquiries Under the WARN Act Are Fact-Intensive

This is a case under the WARN Act. *See* 29 U.S.C. § 2101. The WARN Act is a remedial statute designed to give workers time to adjust to loss of employment. *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1159 (9th Cir. 2001) ("While some provisions of the Act are punitive in nature, the primary purpose of the Act is remedial."). Congress passed the Act in 1988 to secure employees against sudden and significant employment loss. *Hodge v. Synergy Inspections, LLC*, No. 5:24-CV-00177, 2025 WL 1690151, at *1 (S.D.W. Va. June 16, 2025) (noting history of Act). Employers have several defenses against WARN Act claims. *E.g.*, 29 U.S.C. § 2102(b)(2)(A); *Loc. Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) (noting that exceptions to employers are narrowly construed).

Because the WARN Act's exceptions function as affirmative defenses, the employer bears the burden of proving that an exception applies. *See* 20 C.F.R. § 639.9; *Easom v. US Well Servs., LLC*, No. CV H-20-2995, 2023 WL 6279359, at *11 (S.D. Tex. Sept. 26, 2023) ("The WARN Act's exceptions are affirmative defenses. The employer has the burden to prove that an exception applied to the layoffs."). WARN Act defenses are generally very fact-intensive and thus not generally susceptible to early dispositive motions. *In re Dewey & LeBoeuf LLP*, 487 B.R. 169, 175 (Bankr. S.D.N.Y. 2013); *In re Protected Vehicles, Inc.*, 392 B.R. 633, 636 (Bankr. D.S.C. 2008) ("Whether a particular defense is available, as well as the determination of whether proper notice was provided, is fact intensive[.]"); *see also Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 460 (M.D.N.C. 2016).

A valid WARN Act claim has three elements: "(1) a mass layoff [or plant closing as defined by the statute] conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled notice." *Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1281 (11th Cir. 2013) (quoting *Allen v. Sybase, Inc.*, 468 F.3d 642, 654 (10th Cir. 2006)). In general, "WARN Act

claims are fact intensive as are the affirmative defenses." *Philips v. Munchery Inc.*, No. 19-CV-00469-JSC, 2021 WL 326924, at *6 (N.D. Cal. Feb. 1, 2021). Whether multiple work locations constitute a single site of employment is also a fact-intensive inquiry. *See, e.g.*, *Viator v. Delchamps Inc.*, 109 F.3d 1124, 1126 (5th Cir. 1997) ("The issue of whether multiple work locations constitute a 'single site of employment' under WARN is a mixed question of law and fact.") (appeal of summary judgment ruling); *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 934 (5th Cir. 1994) (similar); *McClain v. Laurel St. Art Club, Inc.*, 925 F. Supp. 496, 497 (E.D. Ky. 1995) (where court held bench trial to resolve issue of single site of employment).

### III.    Relief Under Rule 56(d) is Justified Here

In cases where no discovery has yet taken place, a movant under Rule 56(d) cannot be expected to point with great specificity to what kind of discovery will turn up useful information. The motion should be freely granted. *Bryant*, 2017 WL 1292378, at *2; *see also Liberty Ins. Corp. v. Brodeur*, 462 F. Supp. 3d 1092, 1097 (D. Nev. 2020); *First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp. 3d 1176, 1181 (D. Or. 2018). Plaintiffs have attached an affidavit to demonstrate the kinds of facts they need to contest this Motion. But even a cursory review of some of the issues Core presents as "undisputed" and "set in stone" demonstrates that summary judgment here is wildly premature. Core's own recitation of the facts of this series of layoffs betrays the complexity of this case: the mine had multiple locations where people were working (the mine itself, the administrative offices, and the preparation plant), and there were multiple rounds of earnings reductions, transfers, and temporary reassignments. D.E. 28 at 6–9. This is all fodder for discovery.

First, mere sentences into its Motion, Core stumbles into a genuine and material dispute of fact in asserting that it is actually not the proper defendant in this case. D.E. 28 at 3, PageID# 140, n.1. Core answered the Complaint and has filed no motion to substitute. D.E. 15. If Core is not the

proper defendant in this case or is not the employer of the terminated individuals who might make up a class, then that is a dispute of material fact precluding summary judgment.

Second, Core asserts that the employees (including one of the Plaintiffs) placed on "low earnings status" were still technically employed and should not be counted for WARN purposes. D.E. 28 at 7, PageID# 144. This status in itself is a genuine issue of material fact because the WARN Act specifically applies to reductions in hours: "the term 'employment loss' means (A) an employment termination, other than a discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, **or** (C) *a reduction in hours of work of more than 50 percent during each month of any 6-month period*[.]" 29 U.S.C. § 2101(a)(6) (emphases added); *see also Graphic Commc'ns Int'l Union, Loc. 31-N v. Quebecor Printing (USA) Corp.*, 252 F.3d 296, 299 (4th Cir. 2001) ("Quebecor itself conceded at argument that, if an employee were to receive required notice of an anticipated reduction in hours under 29 U.S.C. § 2101(a)(6)(C), that employee would still be entitled to WARN Act notice if, subsequently, he were either laid off or terminated under the circumstances set forth in 29 U.S.C. § 2101(a)(6)(A) or (B)."). Core does not set forth what this status actually meant for these employees aside from stating that they "maintain[ed] employment status and full benefits." D.E. 28-1 at ¶ 17. Were they required to report to work? Where? Were their hours reduced or their pay docked? Mr. Carr does not say. These are exactly the kinds of details Plaintiffs need to test their claims.

Third, Core focuses its entire argument on percentages, claiming this case is a simple math problem of hitting (or not hitting) the 33% required by the one section of the WARN Act regarding mass layoffs. 29 U.S.C. § 2101(a)(3) (mass layoffs). But that is not the only section of the WARN Act. These closures could also meet the standard of a "plant closing," which "means the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units

within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees[.]" 29 U.S.C. § 2101(a)(2) (plant closing). Plaintiffs alleged these theories (mass layoff and plant closing) in the alternative in their complaint. D.E. 1 at ¶ 35. At least 50 workers lost their jobs at this mine, so that may be a standard that is easy to satisfy here. *Pavao v. Brown & Sharpe Mfg. Co.*, 844 F. Supp. 890, 898 (D.R.I. 1994) (simple plant closing case where *plaintiff* prevailed on summary judgment). And under the mass layoff rubric, what was the outlook on different dates in early 2025 of how long these terminations (and furloughs, and low earnings statuses, and transfers to other mines) would last? *Cf. Sides v. Macon Cnty. Greyhound Park, Inc.*, 725 F.3d 1276, 1283 (11th Cir. 2013) ("Given this uncertainty as to how long the January layoff was in fact expected to last, and having set forth the correct legal framework, we remand to the district court to decide as a factual matter whether the January layoff was, from the beginning, expected to last more than six months, disentitling those employees to notice of the February plant closing."). Mr. Carr's affidavit does not have any of these answers.

The number of assumptions the Court would have to make to find that Core is right is simply too high to grant summary judgment on the "mass layoff" claim. Take for example Core's aversions on pages 18–20 of its Motion: that one plaintiff was terminated on one date and not another, that low earnings status does not reduce hours, that the transferred employees do not count, and that Plaintiffs cannot aggregate losses on different dates. D.E. 28 at 18–20, PageID# 155–57. This is a Motion loaded with assumptions that have not been tested by anyone in a deposition, under oath in an interrogatory response, or in a 30(b)(6). Core cannot seriously contend that this case lacks material disputes of facts. Discovery can and will bear out any number of the following questions:

- Where did these spreadsheets, D.E. 28-2, 28-3, 28-4, 28-5, come from? Who created them? When? Where is the data from?

- What is the relationship between these corporate entities?

- Is the mine a single site of employment, or are each of its three alleged components a separate site of employment?

- Did the employment actions in January 2025 require notice under WARN?

- Do the sequence of terminations in early 2025 amount to separate and distinct employment actions? 29 U.S.C. § 2102(d).

- Were the workers who were put on "low earnings status" reducing their hours?

- Did the executives of Core discuss potential compliance with the WARN Act, and what did they say?

- Did the executives of Core exhibit subjective intent to comply with the Act, as necessary to invoke the good faith defense?

These are basic questions in a case like this, and they have not been answered. At an absolute bare minimum, Plaintiffs are entitled to test the assertions in Mr. Carr's affidavit in a deposition or in later-served requests for admission. *LaFountain v. Harry*, No. 1:10CV943, 2015 WL 5749469, at *5 (W.D. Mich. Sept. 30, 2015) ("The documents requested in the subpoenas could provide a basis for plaintiff to contest the facts as set forth in defendants' affidavits.") (granting Rule 56(d) motion). But the Court should not use Core's premature Motion to improperly narrow discovery here. That would reward Defendant for violating the Local Rules and sprinting to the courthouse.

Affirmative defenses must be pled and proven like anything else. In this Motion, Core has skirted the most basic factual disputes to contend that there is no case here. That is entirely improper at this stage, and Plaintiff's Motion should be granted.

#### IV.    Motion to Strike Carr Affidavit

By this Motion, Plaintiffs also move to strike the Affidavit attached to Defendant's Summary Judgment Motion. D.E. 28-1. The Local Rules are clear that motions for summary judgment must be accompanied by statements of undisputed fact. *See* Local Rule 7.02(a) ("Motions for summary judgment shall include or be accompanied by a short and plain statement of uncontroverted facts."). Attaching an affidavit this early in the case to a summary judgment motion—without a corresponding statement of undisputed material facts—is the litigation equivalent of coming into court and yelling loudly, "I didn't do it!" That is not how litigation works, and it is certainly not how WARN Act cases work.

Local rules have the force of law. Fed. R. Civ. P. 83(a)(1); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994) ("We have endorsed the exacting obligation these rules impose on a party contesting summary judgment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute, explaining that district courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."). And courts in this Circuit routinely deny motions that do not comply with the local rules. *Farwell v. Story*, No. CIV.A. DKC 10-1274, 2010 WL 4963008, at *10 (D. Md. Dec. 1, 2010) ("Because Farwell's motion for leave to amend does not comply with the Local Rules, it cannot be granted."). That is what should happen here. Seeking summary judgment based solely on an employee affidavit this early in the case and failing to attach a SUMF is improper.

Courts also routinely deny motions for summary judgment when a statement of undisputed material facts is absent or does not comply with the Local Rules. Striking the affidavit is a similar remedy that is warranted here. *See, e.g.*, *Smith v. Brown*, No. 4:16-CV-04014-LLP, 2018 WL

1440328, at *19 (D.S.D. Mar. 22, 2018) ("The failure to comply with a local rule requiring that a motion for summary judgment be accompanied by a concise statement of material facts which the movant contends are not genuinely in dispute is a sufficient basis on which to deny a motion for summary judgment."); *Servin v. GATX Logistics, Inc.*, 187 F.R.D. 561, 562–63 (N.D. Ill. 1999) ("Because defendant's purported 12(M) statement does not comply with the Federal Rules or the Local Rule, the court grants plaintiff's motion to strike the statement."); *Griffin v. Bank of Am.*, 971 F. Supp. 492, 495 (D. Kan. 1997) (similar). That should happen here too.

Finally, the Carr affidavit should be struck from the docket because Core now admits the affidavit was incomplete at the time of filing. Ex. 2. The August 25 letter explicitly states: "After discussing this matter with your staff, and in the interest of providing you with a complete record, we are enclosing a flash drive containing a copy of the affidavit and its attachments." This letter makes clear that Core chose to file a motion supported solely by an affidavit (rather than a statement of undisputed material fact, as required by the rules), later admitted in a letter that the filed affidavit was incomplete, and then mailed the Court a flash drive.

Clearly, Core did not attach all the documents supporting that motion. Core instead simply sent along a flash drive in the mail the week before Labor Day. Core did not seek on the docket to extend Plaintiffs' time to respond to the Motion because of this supplementary off-the-docket exhibiting – it just let things sit.

Based on Core's failure to comply with the Local Rules for summary judgment motions and the August 25, 2025 letter, it is clear that Core has played fast and loose with this wholly unsupported Motion for Summary Judgment. The affidavit of its employee was clearly incomplete when filed, as Core admits in its letter. The notion that counsel could be expected to review the August 13 production (which included thousands of pages of employment records) in time to

13

respond to the August 20 Motion for Summary Judgment is unrealistic. Then, counsel for Core belatedly dropped a flash drive containing thousands of pages of unfiled exhibits to the Court. Given all this, Mr. Carr's affidavit should not be taken by the Court as reliable on any point. Without that support, Core's Motion collapses.

## CONCLUSION

This is a case where a non-union mine terminated a large number of employees. Rather than pay the employees what they were due under federal law, Core expended its resources to file this Motion for Summary Judgment. Because Core refused to comply with the Local Rules, the affidavit should be struck from the docket and Core should be permitted to file a renewed and compliant Motion for Summary Judgment after the close of discovery consistent with the operative case management order. And Plaintiffs should not have to respond to *this* summary judgment motion at all, D.E. 28, which should be denied outright or held in abeyance until the end of discovery.

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
Telephone:  304-342-0550
Rod@LawWV.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953) *Pro Hac Vice forthcoming*
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JASON LOUGHRIE; CALEB               )
MALCOMB, *individually and on behalf*   )
*of those similarly situated,*          )
                                    )
      Plaintiff,               )
                                    )
v.                                  )          Case No.:  2:25-cv-4
                                    )          Judge Thomas Kleeh
CORE NATURAL RESOURCES, INC.        )
                                    )
      Defendant.               )

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Plaintiffs' Memorandum in Support of Motion for Relief Under Rule 56(D) and Motion to Strike Affidavit of Joshua Carr has been served via electronic mail, on this 5th day of September, 2025, on all counsel of record:

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
Telephone:  304-342-0550
Rod@LawWV.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953) *Pro Hac Vice forthcoming*
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com

*Counsel for Plaintiffs*