IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CORE NATURAL RESOURCES, INC.<br><br>Defendant. | Case No.: 2:25-cv-4<br>Judge Thomas Kleeh |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MOTION FOR CLASS CERTIFICATION</u>**

**I.     INTRODUCTION**

Plaintiffs Jason Loughrie and Caleb Malcomb filed this action for violations under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), on their own behalf and on behalf of the other similarly situated persons against Defendant Core Natural Resources, Inc ("Core Natural") stemming from their terminations from a worksite located at 21550 Barbour County Hwy, Philippi, West Virgina ("Facility"). D.E. 1 at 1-2. Both Plaintiffs worked at the facility and were terminated, without cause and without notice, in violation of the WARN Act.

Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 et seq. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there. D.E. 1 at ¶ 20.  The WARN Act has several exceptions: the unforeseeable business circumstances exception and the faltering company exception, and both require an employer provide a "brief statement for reducing the notice period" in order to avail themselves of their protection. *See* 20 C.F.R. § 639.9. Core Natural did no such thing.  Defendant

1

did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed at the Facility.

As a result of Defendant's actions, Plaintiffs and those similarly situated lost out on pay and benefits to which they were and are entitled under the WARN Act. The putative class action is brought on behalf of employees of Core Natural who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 14, 2025. D.E. 1 at ¶ 24. The harms impact hundreds of workers at a major employer in West Virgina whose employer chose to violate federal law and deprive them of the pay, benefits, and economic security they earned.

## II.     STATEMENT OF FACTS

The record established thus far[1] makes clear that Core Natural violated the WARN Act by terminating at least 50 employees and 33% of its workforce in a mass layoff or plant closing. Core Natural terminated between 150-200 employees, effective immediately, and without notice, justification, or appropriate compensation.  Any exceptions Core may argue are because Core provided no notice and no explanation of its justifications. *Moore v Yellow Corp. (In re Yellow Corp,),* 2024 Bankr. LEXIS 3029, 2024 WL 5181660, at *9 (Bankr. D. Del. Dec. 19, 2024) (finding that even though WARN Act exceptions would have applied, if an employer does not provide any WARN notice, or does not provide sufficient justification for the exceptions, the employer cannot use the exceptions).

---

[1] As noted in Plaintiffs' forthcoming Motion for Relief under Fed. R. Civ. P. 56(d), discovery has barely begun.

Defendant may argue that Core Natural is not the legal name of the entity that did the layoffs. This neglects two basic facts: 1) The press releases that announced the termination came from Core Natural (Exhibit 1)[2]; 2) Core Natural responded to the Complaint and did not move to substitute.

Plaintiff Jason Loughrie was employed by Core Natural and its predecessor for over four years. Loughrie Decl. ¶ 2. Most recently, Plaintiff Loughrie worked as a Fire Boss. *Id*. at ¶ 4. This job requires him to serve in a safety capacity at the Facility. *Id*. at ¶ 5. During his time at Core Natural, Plaintiff Loughrie served in multiple capacities at the facility. *Id*. at ¶ 6. Plaintiff Loughrie did not receive any advance notification or justification for his termination, nor did he receive any statement in writing that would explain the reduction in notice period. *Id*. at ¶ 7.

Plaintiff Caleb Malcomb was employed by Core Natural and its predecessor from September of 2023 until his layoff in January of 2025. Malcomb Decl. ¶ 2-3. During his employment with Core Natural, he worked in Section Utility. *Id* at ¶ 5. On February 21, 2025, he was informed via phone that he was terminated effectively immediately. Plaintiff Malcomb did not receive any advance notice of the termination, nor any justification that could have explained the lack of notice. *Id* at 7. Both Plaintiffs estimate that roughly 200 people were laid off from the Facility. *Id*. at ¶ 8. Loughrie Decl. at ¶9.[3]

---

[2] Press releases are generally susceptible to judicial notice. *See, e.g.*, <u>Fanucchi v. Enviva Inc.</u>, No. CV DKC 22-2844, 2024 WL 3302564, at *4 (D. Md. July 3, 2024);*Leacock v. IonQ, Inc.*, No. CV DLB-22-1306, 2023 WL 6308045, at *8 (D. Md. Sept. 28, 2023); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 883 (W.D.N.C. 2001) (judicial notice of widespread layoffs).
[3] Defendant turned over what they claim is 300 pages worth of records to the Court in a letter dated August 25, 2025. Exhibit 2. At this juncture, Plaintiffs are not sure if the data submitted to the Court in a thumb drive is the same data previously produced to them and subject to a protective order. Nonetheless, Plaintiff's have not had sufficient time to investigate the data prior to filing this motion.

### III. LEGAL STANDARD OF REVIEW

The WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must give sixty days' written notice to employees and relevant local government entities. 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees. *Id.* § 2101(a)(1). WARN provides a cause of action for employees who suffer a covered employment loss without having received that notice. *Id.* § 2104.

Congress underscored an employee's right to bring representative actions to enforce the Act: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court[.]" *Id.* § 2104(a)(5) (emphasis added); *see also Applegate v. Formed Fiber Techs.*, No. 2:10-CV-00473-GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012) ("The Act itself expressly emphasizes the appropriateness of class-based proceedings to…obtain statutory relief."). Courts thus "regularly h[o]ld that the WARN Act is particularly amenable to class-based litigation." *Id.*

#### a. The Legal Standard for Class Certification

Class certification is appropriate where a proposed class satisfies the four prerequisites of Fed. R. Civ. P. 23(a) and fits into one of the three types of class actions described in Rule 23(b). *See, e.g.*, *Berry v. Schulman*, 807 F.3d 600, 608-609 (4th Cir. 2015). Rule 23(a) requires a plaintiff to show "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Although the Rule 23 analysis is rigorous, *see Ealy v. Pinkerton Gov't Servs.*, 514 Fed. Appx. 299, 307–08 (4th Cir.2013), it is not without its limits. "[T]he likelihood of the plaintiffs'

success on the merits ... is not relevant to the issue of whether certification is proper." *Thorn v. Jefferson–Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006). Thus, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

In determining whether proponents of certification have met their burden, district courts have wide discretion. Precedent directs federal courts to "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will . . . 'best serve the ends of justice for the affected parties and . . . promote judicial efficiency.'" *In re A.H. Robins*, 880 F.2d 709, 740 (4th Cir. 1989)). The Fourth Circuit has held that the decision of whether or not to certify a class must factor in the nature of the allegations. *Brown v. Nucor Corp.,* 785 F.3d 895, 921 (4th Cir. 2015) (vacating district court's decision denying certification to proposed plaintiff class alleging discriminatory work-place policies and practices and noting, "the nature of the allegations, the evidentiary support . . . and the inherent cohesiveness of the class all demonstrate that the court's failure to certify was an error.").

### b. The Plaintiff Class Is So Numerous that Joinder Is Impracticable

Under Fed. R. Civ. P. 23(a)(1), the proposed class is sufficiently numerous to make joinder impracticable. "[A]pplication of the Rule is to be considered in light of the particular circumstances of the case". *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*., 375 F.2d 648, 653 (4th Cir. 1967). WARN claims regularly meet numerosity because, "[b]y its terms, WARN is applicable only in the context of employer action which affects a large number of employees." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989). Generally, "where knowledge and common sense would indicate that [the proposed class] is large, the numerosity requirement is

satisfied." *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 556 (D. Md. 2006). Although "no specified number is needed to maintain a class action," *Cypress*, 375 F.2d at 145, "a class of as few as twenty-five to thirty members raises a presumption that joinder would be impracticable," *Rodger v. Elec. Data Sys. Corp.*, 160 F.R.D. 532, 535 (E.D.N.C. 1995). In fact, the Fourth Circuit has affirmed certification for putative classes with as few as eighteen members. *See Cypress*, 375 F.2d at 653.

The numerosity threshold is more than satisfied in this instance. The Complaint alleges 165 employees were laid off at the Facility within 90 days of January 14, 2025. D.E. at ¶ 18. Both representative Plaintiffs allege somewhere in the neighborhood of 200 people were laid off at the facility. Loughrie Decl. at ¶ 8, Malcomb Decl. at ¶ 8. Defendant only recently turned over documents indicate a class size in the hundreds as well. As few as twenty-five to thirty members raises the presumption that joinder would be impracticable; here there are in excess of one hundred fifty members. Numerosity is met.

### c. Commonality Is Satisfied

The commonality threshold is also satisfied in this instance. "[F]or purposes of Rule 23(a)(2), even a single common question will" satisfy the requirement for class certification of questions of law or fact common to the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). While class members must have suffered "a shared injury . . . spring[ing] forth from the same 'common contention,'" *Ealy v. Pinkerton Gov't Servs.*, 514 F. App'x 299, 304 (4th Cir. 2013), "the commonality requirement does not require that all class members share identical factual histories," *Id*. Rather, "[d]espite the presence of individual factual questions, the commonality criterion . . . is satisfied by . . . common questions of law presented." *Holsey v. Armour & Co.,* 743 F.2d 199, 217 (4th Cir. 1984).

Questions of law or fact prove sufficiently common "[w]here the injuries complained of by named plaintiffs allegedly result from the same unlawful pattern, practice, or policy of the defendants." *Parker v. Asbestos Processing, LLC*, No. 0:11-cv-01800-JFA, 2015 U.S. Dist. LEXIS 1765, at *19, 2015 WL 127930, at *7 (D.S.C. Jan. 8, 2015). For "[b]oth the existence and the 'common reach' of such objectively applied patterns or practices are likely to be indisputable from the outset, so that no real commonality problems for class action maintenance ever arise in this regard." *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 274 n.10 (4th Cir. 1980). The Supreme Court has compared commonality to the "glue" holding together plaintiffs' claims. *See Wal-Mart*, 564 U.S. at 352.

Here, the driving factual and legal questions stem from a common core of facts regarding Defendant's actions and are provable through common evidence, any one of which will have a significant impact on every class member's rights. They include the following:

a) Whether Defendant employed more than 100 employees. This fact issue can be (and seemingly, already has been) proven through the employee lists Defendant recently provided.

b) Whether Defendant discharged the employees within 90 days of January 14, 2025, in connection with mass layoffs or plant closings or as the reasonably foreseeable result thereof. This fact/legal issue can be proven through declarations of the named Plaintiffs.

c) Whether Defendant terminated the employment of the class members without cause. This factual question can be proven through the declarations of the named Plaintiffs.

d) Whether the class members' single site of employment was the Facility. This fact is not in dispute. Defendant admitted as much in their Answer. D.E. 15 at ¶ 33.

 e) Whether Defendant terminated the class members without giving them at least 60 days' prior written notice as required by the WARN Act. Defendant admitted as much in their Answer. D.E. 15 at ¶ 35.

 f) Whether Defendant has any valid defenses justifying less than 60 days' notice. Since Defendant's did not provide WARN notice, the otherwise available defenses are not available to them. *Moore v Yellow Corp. (In re Yellow Corp,),* 2024 Bankr. LEXIS 3029, 2024 WL 5181660, at *9 (Bankr. D. Del. Dec. 19, 2024).

Commonality is met in this instance because all claims in the putative class arise from the same violation of law- the WARN Act. Class members need not have suffered a shared injury, but in this instance they did. All of the class members were terminated pursuant to a mass layoff or plant closing at the Core Natural Facility within 90 days of January 14, 2025. In this instance, all the class members were terminated at the same location, during the same time period, in the same way, in violation of the same law. Commonality is met.

 **d. Typicality Is Met**

Named Plaintiffs' assertions in this action are "typical of the claims . . . of the class" as required by the Federal Rules. Fed. R. Civ. P. 23(a)(3). "The threshold requirements of . . . typicality are not high". *Brown*, 576 F.3d at 153 ("Fed. R. Civ. P. 23(a) requires only that resolution of the common questions affect all or a substantial number of the class members. Allegations of similar discriminatory practices . . . satisfy the . . . typicality requirements of Rule 23(a)"). Here, "the essence of the typicality requirement is captured by the notion that, as goes the claim of the named plaintiff, so go the claims of the class." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). In other words, by prosecuting their own case, the class representatives "tend to advance the interests of the absent class members." *Id*. at 466.

In the Fourth Circuit, class representatives establish typicality by belonging to the class in question "and possess[ing] the same interest and suffer[ing] the same injury as the class members." *In re Titanium Dioxide Antitrust Litig.*, 284 F.R.D. 328, 339 (D. Md. 2012) (quoting *Deiter*, 436 F.3d at 466). This standard does not require members of the class to have identical factual and legal claims in all respects. *Broussard v. Meineke Disc Muffler Shops*, 155 F.3d 331, 344 (4th Cir. 1998). As with the class certification inquiry generally, the merits of the respective claims are not at issue: typicality focuses less on the relative strength of the named and unnamed Plaintiffs' cases than on the similarity of the legal and remedial theories behind [their] claims." *Jenkins v. Raymark Industries,* 782 F.2d 468 (5th Cir. 1986).

The typicality standard is satisfied. Here, Plaintiffs allege the same injury as the proposed class members: they were all terminated by the Defendant as part of the same plant closing or mass layoff. Typicality requires resolution of the common questions that impact all or a substantial number of the class members. The common question is if the Defendant violated the WARN Act when they terminated in excess of 150 employees from their Facility without notice. Each and every member of the putative class shares that common question. Plaintiffs Malcomb and Loughrie, by pursuing their own cases, aid the other members of the class.

  e.  **The Adequacy Standard Is Met**

The named Plaintiffs also satisfy the final prerequisite under Rule 23(a), which mandates that "the representative parties fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts have developed a two-pronged test to determine whether Plaintiffs satisfy the adequacy requirement: "(1) the named plaintiffs must not have interests antagonistic to those of the class; and (2) the plaintiffs' attorneys must be qualified, experienced, and generally able to conduct the litigation." *In re Serzone Products Liab. Litig.*, 231 F.R.D. 221, 238 (S.D. W. Va. 2005).

"The burden is on the defendant to demonstrate that the representation will be inadequate." *Haywood v. Barnes*, 109 F.R.D. 568, 579 (E.D.N.C. 1986).

The adequate representation inquiry "serves to uncover conflicts of interest between named parities and the class they seek to represent." *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. at 238 (internal quotation marks omitted). Minor conflicts between named plaintiffs and the putative class members will not render the representatives inadequate. Only a "fundamental" conflict that "go[es] to the heart of the litigation" will suffice to defeat adequacy. No such fundamental conflict exists when "all class members share common objectives and the same factual and legal positions and have the same interest in establishing the liability of [defendants]." *Ward v. Dixie Nat'l Life Ins. Co.*, 595 F.3d 164, 180 (4th Cir. 2010) (internal quotation marks omitted). "The principal factor in determining the adequacy of class representatives is whether the plaintiffs have the ability and commitment to prosecute the action vigorously." *Thomas v. La.-Pacific Corp.*, 246 F.R.D. 505, 509 (D.S.C. 2007).

Adequacy is met in this instance as the named Plaintiffs do not have interests antagonistic to the class and class counsel possesses the requisite experience to conduct the litigation. There are no conflicts between the named plaintiffs and the putative class, much less a speculated conflict. Named Plaintiffs both performed various jobs at the facility over a span of years. Both named Plaintiffs are committed to pursuing this case on behalf of their fellow employees who were terminated in violation of the WARN Act.

### f. Predominance and Superiority Are Met

Class certification is proper under Rule 23(b)(3) when the moving party shows: (1) that common questions of law or fact predominate over individual questions (predominance); and (2) that a class action is the superior method to adjudicate the dispute (superiority). "If a lawsuit meets

these requirements, class certification…promot[es] judicial economy…[and] afford[s] aggrieved persons a remedy if it is not economically feasible to obtain relief through…multiple individual damage actions." *Gunnells v. Healthplan Services, Inc*, 348 F.3d 417, 424 (4th Cir 2003).

Where common questions "predominate over any questions affecting only individual members," the first prong of Rule 23(b)(3) is met. *Amchem Prod. v. Windsor*, 521 U.S. 591, 615 (1997). Predominance does not require that all issues be common among the class. "Indeed, common issues of liability may still predominate even when some individualized inquiry is required," *Ealy v. Pinkerton Gov't Servs*., 514 F. App'x 299, 305 (4th Cir. 2013). The existence of "common evidence" to determine issues weighs in favor of predominance. As described regarding commonality, the primary elements of a WARN claim are common among the proposed class and susceptible to class-wide proof. Courts routinely find that these issues predominate WARN litigation. *See, e.g., Gomez v. Am. Garment Finishers Corp.,* 200 F.R.D. 579, 584 (W.D. Tex. 2000).

In this matter common questions of law and fact do predominate over individual questions. The questions of law surround the violation of the WARN Act by Core Natural at the Facility. Violation of the same federal law is at issue with both named Plaintiffs and all the members of the putative class.

Superiority is met because of the size of the putative class, the nature of the allegations, and the damages alleged. The class involves roughly 200 employees who were all terminated from the same Facility. Bringing 200 individual lawsuits for 60 days of backpay and benefits would be an extraordinary undertaking for the individual plaintiffs- especially when all of the members share the same harm. Certifying a class allows sophisticated council to advocate on behalf of all the aggrieved employees at once; thus cutting down on the time and expense of individual lawsuits. Superiority is met.

## IV. THE COURT SHOULD APPOINT CLASS COUNSEL

Federal Rule of Civil Procedure 23(g) requires that the Court appoint class counsel for any certified class. Class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (g)(4). In determining whether a proposed class satisfies this requirement, courts "must consider (i) the work counsel has done in identifying and investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). "[A]n essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation." *Barton v. Constellium Rolled Prods. Ravenswood, LLC*, No. 2:13-cv-03127, 2014 U.S. Dist. LEXIS 57703, at *12, 2014 WL 1660388, at *4 (S.D. W. Va. Apr. 25, 2014) (internal quotation marks omitted). Proposed class counsel also has the ability to represent the class fairly and adequately. *See* Fed. R. Civ. P. 23(g)(1)(B), (g)(4). "Adequacy of counsel is generally presumed in the absence of specific proof to the contrary."

Class counsel has extensive experience litigating class action cases and specifically litigating WARN Act cases. The experience includes a high volume of settlements and cases tried before a jury in class actions. Ex. 3. This class is in good hands and will be vigorously pursued by class counsel. Plaintiffs' counsel do not have conflicts of interest with the Named Plaintiffs or with any known individuals within the putative classes.

Named Plaintiffs are appropriate and adequate class representatives as they do not have any interests antagonistic to the class as a whole, and counsel who satisfies the standards set forth

in Rule 23(g) represents them. Named Plaintiffs will therefore "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

## V. THE FORM AND MANNER OF SERVICE OF NOTICE ARE PROPER

Plaintiffs further submit that service of the proposed Notice of Class Action, attached as Ex. 4, by First Class Mail, postage prepaid, to each member of the class at the member's last known address as shown in the Defendant's records is the best notice practicable. Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members, and that the notice must concisely and clearly state in plain, easily understood language: the nature of the action, the definition of the class certified, the class claims, issues or defenses, that a class member may enter an appearance through counsel if the member so desired, that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and the binding effect of a class judgment on class members under Rule 23(c)(3).

While no rigid standards govern, notice must contain information that a reasonable person would consider material to making an informed decision whether to opt-out or remain in the class and be bound by a judgment. *In re Domestic Air Transp. Antitrust Litigation*, 141 F.R.D. 534, 553 (N.D. Ga. 1992). Individual mailings to class members is appropriate. *In re Electronic Data Systems*, 226 F.R.D. 559, 572 (E.D. Tex. 2005).

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully ask that the Court (a) certify a class, pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, comprising:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN ACT) within 90 days of January 14, 2025.

(b) appoint J. Gerard Stranch, IV and Michael C. Tackeff of Stranch, Jennings & Garvey PLLC; Lynn A. Toops and Ian R. Bensberg of Cohen & Malad, LLP; Raina C. Borrelli and Samuel J. Strauss of Strauss Borrelli LLP; and Rodney A. Smith and M. Alex Urban of Rod Smith Law PLLC as Class Counsel, (c) appoint Plaintiffs as the Class Representatives, (d) approve the form and manner of Notice, and (e) grant such further relief as this Court may deem proper.

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
Telephone:  304-342-0550
Rod@LawWV.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953) *Pro Hac Vice forthcoming*
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:25-cv-4 Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion for Class Certification has been served via electronic mail, on this 5th day of September, 2025, on all counsel of record:

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

<u>*/s/ Rodney A. Smith*</u>
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
Telephone:  304-342-0550
Rod@LawWV.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953) *Pro Hac Vice forthcoming*
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com


Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*