IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:25-cv-4 Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RELIEF UNDER RULE 56(d) AND MOTION TO STRIKE AFFIDAVIT OF JOSHUA CARR**

Pursuant to Fed. R. Civ. P. 56(d) and Local Rule 7.02(b)(2), Plaintiffs Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb"), (collectively "Plaintiffs"), respectfully submit this reply memorandum in support of their request for relief under Rule 56(d) and to strike the affidavit of Joshua Carr. D.E. 34, 35, 45. Motions under Rule 56(d) are broadly favored and should be liberally granted in cases where no discovery has occurred. *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014). Core not only distorts the clear record of this case in its response, D.E. 45, but invites the Court (and Plaintiffs) to simply trust its conclusion that there is no case here. If parties could evade litigation by prematurely filing a dispositive motion, employers could not be held accountable when they terminate employees in violation of the WARN Act. Core's "*trust us, guys*" approach is unpersuasive and fails to give the employees Core terminated in violation of the law the opportunity to engage in the discovery permitted by the Federal Rules. For the reasons that follow, the Court should grant Plaintiffs' motion.

1

# ARGUMENT

Plaintiffs will not rehash their arguments in their initiating memorandum here. Core characterizes Plaintiffs' attempts to take legitimate discovery as an unnecessary "fishing expedition." D.E. 45 at 2, PageID# 367. But calling something a fishing expedition does not make it so. At this early stage, it is impossible to say that this is a fishing expedition. *Wang v. Waleco, Inc.*, 2024 WL 5432090, at *1 (N.D. Ill. June 26, 2024) ("[T]he only documents available to Plaintiff are those that Whaleco produced in support of its early and aggressive defense. This minimal production may prove to be exhaustive of the dispositive evidence, but Whaleco chose not to argue that Plaintiff's complaint was insufficient to 'unlock the doors of discovery.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Discovery in this case has barely begun, and WARN Act cases are notoriously fact-intensive. Plaintiffs have not had a full and fair opportunity to engage in discovery and to challenge the self-serving statements in the "evidence" Core relies upon in its Motion for Summary Judgment. For the reasons set forth in Plaintiff's Rule 56(d) Motion, and as set forth herein, this is a textbook example of why the rules permit a party to challenge a summary judgment motion when a party cannot *yet* "present facts essential to justify its opposition . . . ."

**I.    Core's Factual Assertions are Only "Uncontested" Because the Parties Have Not Engaged in Meaningful Discovery.**

Core begins its response by claiming that it did not violate Local Rule 7.02(a) because its motion provided a statement of "undisputed" material facts *within* the motion as opposed to as a separate docket entry. However, Core ignores that its factual contentions are only "undisputed" because it did not afford Plaintiffs the opportunity to engage in discovery in the ordinary course of litigation to develop facts to respond to *each fact asserted* as undisputed, disputed, immaterial, or the like. What is uncontested is that Plaintiffs have not had the opportunity to test those "facts"

by deposition, requests for admission, or in any other way because discovery is in its infancy. Therefore, even if Core technically complied with the Rule's letter (it did not), it failed to comply with the Rule's spirit. The facts in Core's Motion are only "uncontroverted" because Plaintiffs have not yet had the opportunity to evaluate and test them through permissible discovery.[1]

In *Edge v. Roundpoint Mortg. Servicing Corp.*, 2023 E.S. Dist. LEXIS 51915, 2023 WL 2657727 (Mar. 27, 2023) (Kleeh, C.J.), this Court examined analogous circumstances and was confronted with a request for Rule 56(d) relief. In *Edge*, a consumer class action, the defendant filed a Rule 12(b)(6) motion to dismiss and attached an affidavit with several supporting documents attached. The Court converted the motion to a Rule 56 summary judgment and considered whether dismissal was appropriate under Rule 56(d) due to the timing of the motion. As in this case, the class representative plaintiff did not have an opportunity to conduct discovery on the issues raised in the affidavit (or its attached documents). The Court observed, "The exhibits are newly raised and fall outside Plaintiff's Amended Complaint." *Id.* at *9. In granting the Rule 56(d) Motion, the Court observed that the plaintiff was "entitled to a reasonable opportunity to present ***all*** material pertinent to the motion." *Id.* at *10. (Emphasis added). Similarly, in this case, Plaintiffs are entitled to a reasonable opportunity to present ***all*** material necessary to contest the veracity of the statements presented in the affidavit and the supporting documents. In other words, it is simply premature to determine whether the purported facts presented by Defendant are contested or are, in fact, uncontested. Under these circumstances, as in *Edge*, Rule 56(d) relief is appropriate.

---

[1] "Controvert" means "dispute or contest; esp., to deny (as an allegation in a pleading) or oppose in argument[.]" *Controvert*, BLACK'S LAW DICTIONARY (12th ed. 2024). The fact that the parties here are arguing over what "uncontroverted" means – with Core saying its facts are unrebutted and Plaintiffs saying they have not yet had the opportunity to rebut them – demonstrates how incomplete Core's motion is. Core's contention that these statements by its employee are "uncontroverted" is like saying that the allegations of a complaint are "uncontroverted" before the deadline to file an answer has passed.

### II.  Core's "Answers" to Plaintiffs' Questions Demonstrate the Premature Nature of Its Motion.

In their Motion for Relief under Rule 56(d), Plaintiffs set forth several questions demonstrating why Core's summary judgment motion was premature. D.E. 35 at 11, PageID# 259. The purpose of setting forth these questions was rhetorical to illustrate how unripe Core's motion is. Regardless, Core spends pages offering its own spin on these questions. D.E. 45 at 3-6, PageID# 368-371.  The answers to these questions are palpable proof that Core filed this motion prematurely. The following two examples suffice to illustrate this point:

- Core asserts that "[w]hen they [the spreadsheets] were created does not affect the material facts they provide." D.E. 45 at 3, PageID# 368. Of course, Plaintiff has the right to challenge the accuracy of the spreadsheets, and the date of creation would certainly bear on that issue.  Core is not entitled to assert that only its version of the facts matters. This Ozian denial ("Pay no attention to where these facts came from!") is not appropriate. Plaintiffs are entitled to make their own assessment of these issues and to present this Court with the evidence adduced through discovery.

- Core asserts that "[t]he relationship between Core and Wolf Run has no bearing on the WARN Act inquiry[.]" D.E. 45 at 4, PageID# 369. *But see* D.E. 28 at 3, n.1, PageID# 140 ("The named defendant in this case is Core, but it did not employ Plaintiffs or anyone else who worked at Leer South. Arguably, the proper party defendant is Wolf Run, which employed Plaintiffs and others at Leer South."). Core has essentially asserted that it is not the correct party in this case, but that it does not matter. Untangling a knot like this (which Core itself tied) is the purpose of discovery. This could also have a significant bearing on whether the allegedly recalled workers were recalled to Wolf Run or another entity. Plaintiff has a right to explore this and other questions.

There are many other questions Plaintiffs could have asked about these declarations. But those questions are more appropriate for the depositions of Mr. Carr and other employees. Plaintiffs need not set forth every "known unknown" and "unknown unknown" in this case to seek relief under Rule 56(d). If the Court were to hold otherwise, every case would start with an early Rule 56 motion to limit discovery in violation of the Rules of Civil Procedure.

The question here is whether Plaintiffs have enough facts to respond to Core's Motion. Discovery has barely started, Core has not yet responded to Plaintiffs' discovery requests, and no depositions have been taken—they do not. *See Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) ("Chief among its errors was the district court's award of summary judgment to the Center without allowing the City any discovery."); *see also generally Phason v. Meridian Rail Corp.*, 479 F.3d 527, 529 (7th Cir. 2007) ("An 'employment loss' occurs when *any one* of the subsections applies. 'You're fired, but you have prospects of catching on with someone else real soon now' is a 'termination' under subsection (A).") (Emphasis in original).

### III.   Core Fails to Address Plaintiffs' Assertion of a "Plant Closing" Theory.

Core asserts that this is not a "plant closing" case but exclusively a "mass layoff" case. D.E. 45 at 7, PageID# 372. Core also boldly asserts that "[s]imply put, Plaintiffs never really made this a 'plant closing' case. And they cannot." D.E. 45 at 9, PageID# 374. WARN Act cases are often pled in the alternative, *e.g.*, *Dewbre v. Horizon Mud Co., Inc.*, No. 7:15-CV-58-DAE, 2015 WL 13802810, at *4 (W.D. Tex. Nov. 2, 2015) ("Plaintiff has properly pled a plant closing as an alternative to his claim under the WARN Act for a mass layoff. The WARN Act supports this alternative pleading.") (citing 29 U.S.C. § 2101(a)(3)(A)), and needless to say, Plaintiffs are entitled to plead in the alternative under Rule 8.

And that is exactly what Plaintiffs did. The complaint explicitly pleads in the alternative that these events could have constituted a "plant closing" *or* a "mass layoff." References to "plant closing" claim are asserted throughout the complaint:

> Plaintiffs bring this action, individually and on behalf of other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of **a mass lay off or plant closing** ordered by Defendant on or around January 14, 2025, and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.
> D.E. 1 at 2, ¶ 7, PageID# 2 (emphasis added).

> Plaintiffs bring this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class: All employees of Defendant who were terminated pursuant to **a mass layoff or plant closing** (as those terms are defined in the WARN Act) within 90 days of January 14, 2025.
> D.E. 1 at 4, ¶ 24, PageID# 4 (emphasis added).

> The WARN Act requires employers to provide 60-days' notice of **any plant closing or mass layoff** "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).
> D.E. 1 at 6-7, ¶ 34, PageID# 6-7 (emphasis added).

> On information and belief, Defendant did not give any prior written notice of **the plant closing and/or mass layoff** to any "affected employee," including Plaintiffs and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5).
> D.E. 1 at 7, ¶ 35, PageID# 7 (emphasis added).

> Moreover, Defendant's violation of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the **plant closing or mass layoff** it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.
> D.E. 1 at 7, ¶ 39, PageID# 7 (emphasis added).

These excerpts from the Complaint make clear that Core is incorrect in asserting that Plaintiffs have never made this a "plant closing" case. Core's disregard of these clear, undisputed allegations is telling; Plaintiff has pled a "plant-closing" claim.

In general, "plant closings" and "mass layoffs" can look fairly similar, depending on the specific facts at issue: "[T]he primary distinction is that a plant closing involves the shutting down of an entire site (or an entire facility or operating unit within a single site), whereas a mass layoff involves the termination or layoff of less than an entire site involving a certain minimum percentage and/or number of employees." *Auto. Mechanics' Loc. No. 701 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Santa Fe Terminal Servs., Inc.*, 830 F. Supp. 432, 434 (N.D. Ill. 1993). The definition of a "plant closing" is broad and can encompass many different permutations of factual scenarios, depending on what exactly happened at the site. *See, e.g.*, 20 C.F.R. § 639.3(b) ("An employment action that results in the effective cessation of production or the work performed by a unit, even if a few employees remain, is a shutdown.").

The Plant Closing claim is properly pled and an active claim in this case. There remain many unanswered questions about the plant closing claim, which can only be answered through discovery. That Core would prefer that the claim be dismissed as opposed to investigated through discovery is not dispositive.

**IV.    The Carr Affidavit Is the Sole Basis for Core's Motion.**

Core's final argument also grasps at straws. First, Core admits that it did not file the full exhibits to Mr. Carr's affidavit on the public docket. D.E. 45 at 12, PageID# 377. Next, Core submits that the Carr affidavit is not the only support for the motion, but that the spreadsheets also support the motion. *Id.* Core also contends that those spreadsheets can be admitted under Fed. R. Evid. 1006. Finally, Core contends that since Plaintiffs have had access to these spreadsheets for a few weeks, they have had sufficient time to review them. D.E. 45 at 13-14, PageID# 378-79.

Plaintiffs need not accept Core's self-serving version of this case as true. The spreadsheets are wholly irrelevant without Mr. Carr to get them into evidence.[2] Core is diverting attention from its premature motion and is seeking to have the Court proceed on Core's timeline instead of the timeline set forth in the Court's scheduling order.

Stepping back and considering these issues through the lens of blackletter law – Rule 56 allows a party to support its summary judgment brief with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Critically, Plaintiffs have not had a full and fair opportunity to obtain those basic discovery building blocks required to controvert Defendant's self-created, self-serving documents it now claims are dispositive of Plaintiff's claims. A party may present an affidavit as evidence in support of a timely summary judgment motion, Fed. R. Civ. P. 56(c)(4), but a single-affidavit summary judgment motion this early in a complex class case cannot serve as a legitimate basis for dismissal. This is why Plaintiffs have gone to the very next section of Rule 56 to request that this Court deny the motion. Fed. R. Civ. P. 56(d). Notably, Core does not dispute the affidavit of Plaintiffs' attorney, which makes clear that Plaintiff has not had an opportunity to engage in necessary discovery. D.E. 34-4.

---

[2] Even applying Rule 1006, Core must identify the source of the information, which is Mr. Carr or others within its organization. 31 FED. PRAC. & PROC. *Evid*. § 8045 (2d ed.) ("Absent a particularized notice of a summary's contents *and the identity of the source material*, summary evidence should not be admissible under Rule 1006. This is true even if all the source materials have already been produced.") (emphasis added). Rule 26(a)(3)(C) requires that summaries be produced in discovery pretrial (which happened mere weeks ago), and Rule 1006 is primarily a trial rule. *United States v. Williams*, 792 F. Supp. 1120, 1132 (S.D. Ind. 1992) ("Although this rule of evidence governs the presentation of evidence during trial, it is not a rule of discovery.") (discussing Rule 1006). Defendant's reliance on Rule 1006 is misplaced.

## CONCLUSION

Core calls its sprint-to-the-courthouse motion an attempt to "promote efficient litigation." D.E. 45 at 15, PageID# 380. Rule 1 says that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In its rush to shut down this litigation, however, Core ignores the first command in interpreting the federal rules, which requires the "just" determination of every action. Allowing discovery prior to ruling on a Rule 56 motion is at the core of the "just" determination of the matter. The WARN Act is designed to protect terminated employees in precisely these kinds of situations. These are real people who lost their jobs. Their claims are legitimate, and Core is not entitled to summary judgment based on a subset of facts that are not subject to testing in discovery. The Motion for Summary Judgment should be denied, and the parties should be permitted to proceed with discovery.

                                        */s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
Rod@LawWV.com
aurban@LawWV.com

J. Gerard Stranch, IV (TN BPR #23045)
Samuel Gladney (MO Bar# 69094)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>CORE NATURAL RESOURCES, INC.<br><br>Defendant. | Case No.: 2:25-cv-4<br>Judge Thomas Kleeh |

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and exact copy of the foregoing has been served via electronic mail, on this 26th day of September, 2025, on all counsel of record.


Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

/s/ Rodney A. Smith
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
Rod@LawWV.com
aurban@LawWV.com

J. Gerard Stranch, IV (TN BPR #23045)
Samuel Gladney (MO Bar# 69094)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
Email: raina@straussborrelli.com

*Counsel for Plaintiffs*