UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

JASON LOUGHRIE et al.
    Plaintiffs

v.

No. 2:25-cv-4
Judge Thomas Kleeh

CORE NATURAL RESOURCES INC.
    Defendant

**CORE'S RESPONSE TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

Defendant does not contest that Plaintiffs have established the prerequisites for class certification per the letter of Rule 23. But Defendant does take issue with Plaintiffs' proposed class definition, which improperly requires this Court to rule on liability to determine whether an individual is a class member. Defendant proposes that this Court adopt the following class definition that relies on readily verifiable, objective facts to determine class membership[1]: "all Leer South employees who experienced an employment loss, as defined by the WARN Act, within 90 days of January 14, 2025."[2]

---

[1] Defendant objects to the class inclusion of employees who were "part-time employees" as that term is defined by the WARN Act and those salaried employees who signed confidential severance agreements which, among many other things, contained a release and waiver of WARN Act claims.

[2] Defendant notes its objection to the date used for calculating employment losses, as no employee at Leer South suffered an "employment loss as defined by the WARN Act on January 14, 2025 but, rather, employees were laid off on

A plaintiff seeking to pursue a class action must establish four things: (1) "the class is so numerous that joinder of all members is impracticable," (2) "there are questions of law or fact common to the class," (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Once satisfied that a plaintiff has met those prerequisites, a district court will issue a certification order that "must define the class and the class claims, issues or defenses" and "appoint class counsel." Fed. R. Civ. 23(c)(1)(B).

A district court must define a class so that its members are "readily" identifiable by "reference to objective criteria." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). A court must, therefore, reject a proposed class definition that requires it to engage in "extensive and individualized fact-finding or mini-trials [sic]" to identify the class members. *Id.* (cleaned up). Consequently, when membership in a proposed class depends on "whether the person has a valid claim"—which would require a mini trial—a court must reject the proposed class, which is commonly called a "fail safe" class. *Mr. Dee's Inc. v. Inmar Inc.*, 127 F.4th 925, 930–931 (4th Cir. 2025).

---

February 21, 2025. Defendant's proposed class accepts Plaintiffs' proposed date for purposes of this filing.

Because Plaintiffs' proposed class is a "fail safe" class, this Court cannot issue a certification order using their proposed definition. In their motion, Plaintiffs seek to certify a class defined as "all employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 14, 2025." ECF No. 37, PageID 345 (Pls.' Class Cert. Mot.) (cleaned up). That definition predicates membership on whether an individual "was terminated pursuant to a mass layoff or plant closing" and thus requires legal findings and a mini trial to determine whether there was a mass layoff or plant closing as defined by the WARN Act. For example, to determine whether an individual is a class member the Court would need first to decide that there was a "mass layoff"— that is, "a reduction in force" that was "not the result of a plant closing" and resulted "in an employment less at the single site of employment during any 30-day period" for "at least 33 percent of the employees (excluding any part-time employees)" and "at least 50 employees (excluding any part-time employees)" *or* "at least 500 employees"—or that there was a "plant closing"— that is, a "permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shut down results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding part-time employees." 29 U.S.C. § 2101(a). Simply put, this Court would have to decide

the merits of Plaintiffs' WARN Act claim to determine whether an individual is part of the proposed class. Consequently, this Court should not adopt Plaintiffs' proposed class.

Defendant proposes that this Court instead define the class as "all Leer South employees who experienced an employment loss, as defined by the WARN Act, within 90 days of January 14, 2025." Under this definition, an individual would be a class member if they were (1) a Leer South employee, (2) terminated for reasons other than "a discharge for cause, voluntary departure, or retirement" *or* laid off for more than 6 months *or* had their hours reduced by "more than 50 percent during each month of any 6-month period," and (3) the termination, lay off, or reduction occurred within 90 days of January 14, 2025. 29 U.S.C. § 2102(a)(6). As a result, this Court could determine whether an individual is a class member by referring to "readily" identifiable facts and "objective criteria," making this a proper class definition. *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

## CONCLUSION

While Plaintiffs may satisfy Rule 23(a)'s prerequisites, they propose an improper class definition that would require this Court to effectively rule on liability to determine whether an individual is a class member. Because a "fail safe" class like that is inappropriate, this Court should adopt Defendant's proposed class definition—that is, "all Leer South employees who experienced

4

an employment loss, as defined by the WARN Act, within 90 days of January 14, 2025"—which requires this Court to look only to readily identifiable facts and objective criteria.

**BY COUNSEL**

STEPTOE & JOHNSON PLLC

*/s/ Michael J. Moore*
Michael J. Moore (WVSB # 12009)
400 White Oaks Blvd.
Bridgeport, WV 26330
304.933.8000
michael.moore@steptoe-johnson.com

Bryan R. Cokeley (WVSB # 774)
707 Virginia St. East, 17th Floor
Charleston, WV 25301
304.353.8116
bryan.cokeley@steptoe-johnson.com

Dallas F. Kratzer III (WVSB#12350)
41 S. High St., Suite 2200
Columbus, OH 43215
614.458.9827
dallas.kratzer@steptoe-johnson.com

U.S. DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JASON LOUGHRIE *et al.*
    Plaintiffs

v.

No. 2:25-cv-4
Judge Thomas S. Kleeh

CORE NATURAL RESOURCES INC.
    Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October 2025, I served the foregoing ***"Core's Response to Plaintiffs' Motion for Class Certification"*** using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Rodney A. Smith
M. Alex Urban
ROD SMITH LAW PLLC
108 ½ Capitol St., Suite 300
Charleston, WV 25301
Phone:  (304) 342-0550
rod@lawwv.com
arban@lawwv.com

Samual J. Strauss
Raina C. Borrelli
Strauss Borelli PLLC
908 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Phone: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Counsel for Plaintiffs and the Proposed Class*

J. Gerard Stranch, IV
Michael C. Iadevaia
STRANCH, JENNINGS, & GARVEY, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Phone:  (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops
Ian Bensberg
Cohen and Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 43204
Phone:  (317) 636-6481
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

*Counsel for Plaintiffs and the Proposed Class*

                                            */s/Michael J. Moore*
                                            Michael J. Moore (WVSB #2643)