IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 2:25-cv-4 Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CERTIFY CLASS**

Pursuant to Fed. R. Civ. P. 23, Local Rule 7.02(b)(2), and consistent with this Court's operative scheduling order entered on July 2, 2025, D.E. 25 at 2, Plaintiffs Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb"), (collectively "Plaintiffs"), respectfully submit this reply memorandum in support of their Motion to Certify. D.E. 36, 37, 49. Defendant Core Natural Resources, Inc. ("Core") concedes in the first line of its motion that the requirements of Rule 23 are met. D.E. 49 at 1, PageID# 401. Instead, Defendant strains its focus on the class definition. These arguments are without merit.

First, Defendant contends that Plaintiff's proposed class definition constitutes a "fail-safe" class simply because it incorporates elements of the WARN Act in the class definition—namely whether the employees were subject to a "mass layoff" or "plant closing." Not so. The court's analysis in *Benson v. Enter. Leasing Co. of Orlando, LLC*, No. 6:20-CV-891-RBD-LRH, 2021 WL 2138781, at *3 (M.D. Fla. May 11, 2021), is directly on point. There, the court squarely rejected Defendant's argument, explaining "[w]hile *some* elements of a WARN Act claim are present in the proposed definition (for example, 'mass layoff' or 'plant closing'), the class

1

definition does not require meeting all elements of the claim." *Id.* "For example, the adequacy of notice and the availability of defenses . . . are not included as part of the class definition." *Id.* In other words, "[t]hose who fall [Plaintiffs'] proposed class definition would still need to show notice was inadequate, so this is not a fail-safe class." *Id.* So too here, the proposed class definition does not constitute a fail-safe class because other questions persist, including whether Defendant was required to give notice at all. Unsurprisingly, other courts have certified classes with similar definitions without issue. *See, e.g.*, *Weekes-Walker v. Macon Cnty. Greyhound Park, Inc.*, 281 F.R.D. 520, 524 (M.D. Ala. Mar. 15, 2012) (certifying class of employees "whose employment was terminated during the 2010 calendar year ***as a result of a 'mass layoff' or 'plant closing'*** . . . ." (emphasis added)); *Ramcharan v. A.F.L. Quality, Inc.*, 2014 WL 4388579, at *2 (D.N.J. Sept. 5, 2014) (certifying class of employees who were "terminated without cause . . . as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants . . . ." (emphasis added)); *Lester v. Pay Car Mining, Inc.*, No. 5:17-CV-00740, 2018 WL 2728033, at *5 (S.D.W. Va. June 6, 2018) (rejecting concerns about fail-safe classes in mine WARN Act case); *Ray v. Mechel Bluestone, Inc.*, No. 5:15-CV-03014, 2016 WL 11670062, at *7 n.8 (S.D.W. Va. May 3, 2016) (similar).

Second, this class will be easy to ascertain. Multiple courts have found similar class definitions in other WARN Act cases to be adequately defined and ascertainable. *See, e.g.*, *Benson*, 2021 WL 2138781, at *3; *Ramcharan*, 2014 WL 4388579, at *4. In practice, Defendant has already shown that the case is ascertainable, as demonstrated by its motion for summary judgment. While Plaintiffs request further discovery to address the precise arguments it raises, as explained in Plaintiffs' Rule 56(d) motion, it strains credulity for Defendant to say the class, as presently defined, is not adequately defined or ascertainable.

In the case cited by Core, the Fourth Circuit wanted to avoid extensive mini-trials dealing with the ownership of certain gas estates, a much more complex problem than here. *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014). This case is not an inquiry into a byzantine world of real property gas estates – it is an inquiry into a plant closing or a mass layoff that occurred on a discrete timeline. In other words, determining which employees fall within the proposed definition does not involve a "complicated and individualized process." *Id.* at 359. To the contrary, many courts have determined, in the context of a garden-variety WARN Act case, like this one, the individuals who fit the class definition can be easily discerned from viewing the payroll records. *Ramcharan*, 2014 WL 4388579, at *4.

Core also suggests that this Court define the class as "all Leer South employees who experienced an employment loss, as defined by the WARN Act, within 90 days of January 14, 2025." D.E. 49 at 1, PageID# 401. As an initial point, it is ironic that Defendant squabbles over Plaintiffs' use of WARN Act elements in their proposed class definition, but then proceeds to also incorporate other elements of a WARN Act claim in its proposed definition. Notwithstanding this, it is not clear at all what Defendants mean by a "'Leer South' employee." The relationship between the corporate entities in this case is the subject of some of Plaintiffs' affirmative discovery requests. Leer South itself is not necessarily an employer – it appears to be a location, entirely undefined in Core's pleading. So, Core's definition is neither "reliable" nor "administratively feasible" because it is not "based on objective criteria." *Ramcharan*, 2014 WL 4388579, at *4. . Also, Core has, to date, filed no motion to substitute and has not contested that it owns this mine and employs these workers. In fact, apparent from its premature motion for summary judgment, Core appears to readily have access to employees' payroll records. In any event, to the extent further discovery shows that Plaintiff's proposed definition warrants refinement, the Court and the parties may

3

revisit it later in the case. Fed. R. Civ. P. 23(c)(1)(C); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

The motion should be granted and certify the class as proposed by Plaintiffs

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
Rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Samuel Gladney (MO Bar# 69094)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

4

                                Raina C. Borrelli
                                Samuel J. Strauss
                                Strauss Borrelli PLLC
                                980 N Michigan Ave., Suite 1610
                                Chicago, IL 60611
                                872-263-1100
                                Fax: 872-263-1109
                                raina@straussborrelli.com
                                sam@straussborrelli.com

                                *Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Case No.: 2:25-cv-4<br>)  Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | )<br>) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing Plaintiffs' Reply in Support of Motion to Certify Class has been served via electronic mail, on this 14th day of October, 2025, on all counsel of record:

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

6

<u>*/s/ Rodney A. Smith*</u>
Rodney A. Smith (WVSB # 9750)
Michael Alexander Urban (WVSB # 13480)
Rod Smith Law PLLC
108 1/2 Capitol Street, Suite 300
Charleston, WV 25301
Telephone:  304-342-0550
Rod@LawWV.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*