IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.:  2:25-cv-4 |
| | ) | Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.02, Plaintiffs Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb"), (collectively "Plaintiffs"), respectfully submit this memorandum in support of their Motion to Compel. Defendant Core Natural Resources, Inc. ("Core") has simply elected not to participate in discovery in this case. Instead, it has submitted a series of baseless objections to avoid any substantive engagement with the discovery process. Below, Plaintiffs outline which requests are in dispute in compliance with Local Rule 37.02(a). Plaintiffs respectfully request that the Court grant this Motion to Compel.

**FACTUAL BACKGROUND**

Plaintiffs filed this case on March 7, 2025. Discovery closes on February 27, 2026. D.E. 25 at 2, PageID# 120. Core filed a premature summary judgment motion on August 20, 2025, and Plaintiffs responded by seeking relief under Fed. R. Civ. P. 56(d). Those motions are fully briefed. D.E. 28, 33, 34, 35, 38, 45, 46. As Plaintiffs noted in their filings bearing on that Motion, WARN Act cases are notoriously fact-intensive. Core's refusal to cooperate in the discovery process evidences that its approach to this case is to simply ignore it and hope that its motion for summary

judgment will be granted. That is not how Rule 26 works. At no time has Core sought a formal stay of discovery.

Pertinent to this Motion, on August 28, 2025, Plaintiffs served their first set of Interrogatories and Requests for Production. D.E. 32; Exhibit A. On October 6, 2025, consistent with agreed extensions, Core served its responses to Plaintiffs' requests. D.E. 48; Exhibit B. On October 28, 2025, pursuant to Local Rule 26.04(b), Plaintiffs sent Core a discovery deficiency letter and requested dates for a meet and confer. Exhibit C. The parties met and conferred via a Teams meeting on November 4, 2025, at 10:30am EST, with counsel for both parties present. Thirty minutes before that meeting, counsel for Core sent Plaintiffs a response to their deficiency letter. Exhibit D. The parties reached an impasse and accordingly, Plaintiffs seek relief in this Motion within thirty days of Core's responses, consistent with Local Rule 37.02(b). At no point in any of this back and forth did Core produce documents.[1] Consistent with Local Rule 37.02(a)(1), a table of the disputed discovery requests is attached to this memorandum as Exhibit E.[2]

## ARGUMENT

The discovery Plaintiffs have served so far included routine requests frequently propounded in cases under the WARN Act. The interrogatories and requests for production asked for simple information about the who, the what, the why, and the how of these layoffs. Core's

---

[1] As explained in Plaintiffs' Rule 56(d) Motion, D.E. 35 at 3, PageID# 251, Core produced certain raw payroll data in August of 2025. This is over 3,000 pages of raw pay stubs for employees that does not show what that employee's pay was for the prior three years or that employee's termination date. Some of those paystubs also contained an inexplicable notation called "TEMP_MINE_CLOS." Exhibit C at 2. Core has also attached a bare-bones list of employees and their duties in its papers. D.E. 28-1. Of course, those documents do not include termination dates for these employees. Core is simply seeking to rely on the documents that it selected as necessary to resolve this case *before Plaintiffs discovery requests were even served*. That is not enough.

[2] Counsel regrets that a Motion to Compel became necessary on this number of requests, but Core's lack of substantive response necessitated this Motion. The waiver provision in Local Rule 37.02(b) also necessitates prompt action.

responses, which regurgitate the same boilerplate objections without much clarity, constitute a wholesale refusal to participate in the discovery process required by Rules 26 and 37. Core does not get to pre-select the documents it thinks are relevant, serve them with initial disclosures, move for summary judgment, and then stall by asserting baseless objections to reasonable discovery requests. Core has not responded to any of these requests beyond evasive answers that do not comply with the Rules. Thus, Plaintiffs move to compel responses to interrogatories and the production of documents.

The legal standards that apply to this Motion are well-worn and familiar to this Court. The management of discovery is within this Court's discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The party resisting discovery bears the burden of showing why it should not be granted and must show why it should be denied. *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). Conclusory or generalized statements will not suffice. *Id.* The fact that information may not be admissible does not negate its discoverability. Fed. R. Civ. P. 26(b)(1); *Frank Betz Assoc., Inc. v. Jim Walter Homes, Inc.*, 226 F.R.D. 533, 536 (D.S.C. 2005). Relevancy is not limited by the exact issues identified in the pleadings. *Edge v. Roundpoint Mortg. Servicing Corp.*, No. 1:21-CV-122, 2023 WL 2656751, at *3 (N.D.W. Va. Mar. 27, 2023) (Kleeh, J.) (quoting *Taylor v. Wallace Auto Parts & Servs., Inc.*, No. 2:19-CV-27, 2019 WL 13096506, at *5 (N.D.W. Va. Oct. 11, 2019)).

Rule 37 treats evasive answers as a failure to disclose. Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also Cook v. Nationwide Ins. Co.*, 962 F. Supp. 2d 807, 824 (D. Md. 2013) ("Boilerplate objections (e.g., objections without a particularized basis, such as 'overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible

evidence'), as well as incomplete or evasive answers, will be treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(4).");  *Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, No. CV-WMN-10-487, 2011 WL 13217389, at *2 n.3 (D. Md. June 1, 2011) ("Rule 37(a)(4) is specifically designed to prevent such evasive and incomplete responses, and they are deemed to be a failure to answer at all. A failure to properly respond or object to a Rule 33 or 34 request ordinarily waives any objection that might have been made, unless excused by the Court."). That is precisely what has happened here, and Core's objections to all of these requests should be deemed waived.

Almost every single one of Core's responses to Plaintiffs' discovery requests contains the same boilerplate objections about breadth, proportionality, and scope. For example, Interrogatory No. 1 requests (among other things) the termination dates of every employee laid off within 90 days of January 14, 2025. Core responds that this information is not proportional to the needs of the case, and as explained above, the information it provided in its initial disclosures lacks crucial detail. How could who was laid off be disproportionate to the needs of a WARN Act case?[3]

Another example bears. Interrogatory No. 3 requests the names of people with knowledge concerning the decision to terminate these employees. Core coyly answers that the interrogatory is burdensome because it could include "thousands" of people, including employees' "spouse, any children and relatives informed of the decision, any acquaintances informed of the decision, and anyone who may have overheard any conversation in which the former employee mentioned their termination." This response misses the mark. Core knows exactly what this interrogatory is getting

---

[3] Core has effectively already admitted that its layoffs probably constituted a plant closing. *Compare* 20 C.F.R. § 639.3(b) (plant closing means shutdown of operating unit inside a single site of employment resulting in employment loss of 50 or more employees), *with* D.E. 28-1 at 5, ¶ 21, PageID# 165 (admitting that more than 50 employees were terminated). But its papers lack critical detail – what does it mean when an employee's "final determination" is simply "Leer South" without a termination date? *E.g.*, D.E. 28-2. Or in Core's other spreadsheets, what does the column "Exempt" mean? D.E. 28-3, 28-5. Exempt from what? Core put this very information into the record of this case and now declines to answer basic discovery on its operations.

at – a list of individuals inside the company who made the decision to fire these employees. Core is not entitled to evade a simple discovery request by suggesting Plaintiffs are embarking on a fishing expedition. The request is not objectionable, and the response is evasive.

Another example. Plaintiffs requested documents evidencing "continuing operations" at Leer South in Request for Production No. 16. But Core objected to that straightforward term, claiming that "the meaning of 'continuing operations' is unclear." Exhibit B at 18. And yet, Core itself issued a press release on June 30, 2025, titled: "Core Natural Resources Provides Update on Ongoing Efforts to Resume Longwall Operations at Leer South[.]"[4] In its letter of November 4, 2025, Core baldly asserts: "It is not that we cannot comprehend what it means, it is that we do not know what you mean by that phrase. If the phase means 'the type of work performed at Leer South,' your clients who used to work there should have some insight." Exhibit D at 4 (emphasis in the original). Averring that "you should talk to your clients" is not a reasonable discovery response.

Core has also chosen again to hide behind its objection that it is not the proper entity here. But it admits in the first footnote of its discovery responses that it owns the company that operates the mine as the parent of Arch Resources, Inc., which owns Wolf Run Mining, LLC. Under the WARN Act, 20 C.F.R. § 639.3(a)(2), Plaintiffs are entitled to understand who controlled these entities and what they did. Plaintiffs requested this information in Interrogatory No. 13, which Core refused to answer beyond merely stating (after asserting frivolous objections): "Wolf Run

---

[4] *See* Press Release, Core Natural Resources, Inc., Core Natural Resources Provides Update on Ongoing Efforts to Resume Longwall Operations at Leer South (June 30, 2025), https://investors.corenaturalresources.com/2025-06-30-Core-Natural-Resources-Provides-Update-on-Ongoing-Efforts-to-Resume-Longwall-Operations-at-Leer-South (also attached herein as Exhibit F). Press releases are generally susceptible to judicial notice. *See, e.g.*, *Fanucchi v. Enviva Inc.*, No. CV DKC 22-2844, 2024 WL 3302564, at *4 (D. Md. July 3, 2024); *Leacock v. IonQ, Inc.*, No. CV DLB-22-1306, 2023 WL 6308045, at *8 (D. Md. Sept. 28, 2023); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 883 (W.D.N.C. 2001) (judicial notice of widespread layoffs).

Mining LLC, ICG Tygart Valley LLC, ICG Backley LLC, and Mingo Logan Coal LLC are subsidiaries of Core Natural Resources Inc." Plaintiffs are entitled to understand the relationships between these entities, and this discovery is clearly in the control of entities that Core directly owns and likely manages.

"WARN Act claims are fact intensive as are the affirmative defenses[.]" *Philips v. Munchery Inc.*, No. 19-CV00469-JSC, 2021 WL 326924, at *6 (N.D. Cal. Feb. 1, 2021). Here, Core selected certain documents, produced them as initial disclosures, and then prematurely filed for summary judgment. Even after Plaintiffs served legitimate discovery requests, Core refuses to participate in the normal course of discovery and refuses to respond to simple discovery requests. The Court should reject this strategy.

### CONCLUSION

Plaintiffs respectfully request that this Motion to Compel be granted.

**JASON LOUGHRIE; CALEB MALCOMB,** *individually and on behalf of those similarly situated,* **By Counsel,**

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
M. Alex Urban (WVSB # 13480)
Rod Smith Law PLLC
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV
Samuel Gladney
Michael C. Tackeff
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801

Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

JASON LOUGHRIE; CALEB )
MALCOMB, *individually and on behalf* )
*of those similarly situated,* )
     )
        Plaintiffs, )
     )
v. )        Case No.:  2:25-cv-4
     )        Judge Thomas Kleeh
CORE NATURAL RESOURCES, INC. )
     )
        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via electronic mail, on this 5th day of November, 2025, on all counsel of record.

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

/s/ Rodney A. Smith
Rodney A. Smith (WVSB # 9750)
M. Alex Urban (WVSB # 13480)
Rod Smith Law PLLC
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV
Samuel Gladney
Michael C. Tackeff
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*