**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS DIVISION**

JASON LOUGHRIE et al.
      Plaintiffs

v.                                              No. 2:25-cv-00004-TSK

CORE NATURAL RESOURCES INC.
      Defendant

**RESPONSE TO MOTION TO COMPEL**

This WARN Act case concerns separations from employment at Wolf Run Mining, LLC's Leer South Mining Complex in Philippi, West Virginia, that occurred in February 2025. Although Wolf Run Mining LLC operates and thus employs people only at Leer South, Plaintiffs' discovery requests seek information and documents concerning other employers at mines in West Virginia, Pennsylvania, Colorado, and Wyoming.[1] Their requests also seek information outside the relevant timeframe and are otherwise objectionable as

---

[1] As explained before, Defendant is the parent of Wolf Run. Core is a publicly held holding company that does not own or operate any mines itself; rather, its direct and indirect subsidiaries like Wolf Run separately own and operate mines in several states.

overly broad and unduly burdensome. This Court should, therefore, deny the motion to compel and require Plaintiffs to narrow their discovery requests.[2]

## BACKGROUND

Plaintiffs allege a WARN Act claim based on terminations at Leer South. *See* ECF NO. 1, PageID 1 (Compl.). According to them, "at least 165 employees" were terminated from Leer South between January 14, 2025, and February 21, 2025. *Id.*, PageID 4–5. They also alleged that "the Facility [i.e., Leer South] constitutes a single site of employment." *Id.*, PageID 6; *see also id.*, PageID 1 (defining "Facility" as "a mine located at 21550 Barbour County Hwy., Philippi, West Virginia" (cleaned up)). Although they did not provide the total number of employees at Leer South, Plaintiffs alleged that the Leer South terminations resulted in "employment losses … for at least 33 percent of the employees and at least 50 employees." *Id.*, PageID 6.

After answering the complaint, Defendant made its initial disclosures and provided Plaintiffs with "thousands of pages of records and summaries of those records." ECF No. 52-4, PageID 468 (D. Kratzer Ltr. (Nov. 4, 2025)). Those records provided the number of employees at Leer South when a WARN

---

[2] Defendant also notes that a motion for summary judgment and Rule 56(d) motion are also pending before this Court. As Defendant explained in its response to the Rule 56(d) motion, Plaintiffs have all the information necessary to determine the viability of their WARN Act claim. *See* ECF No. 45 (Rule 56(d) Resp.).

notice would have been required and the number of Leer South employees terminated, which established that notice had not been required. *See generally* ECF No. 28 (Def. Mot. Summ. J.). As a result, Defendant moved for summary judgment.

In response to the motion for summary judgment, Plaintiffs filed a Rule 56(d) motion requesting additional time to conduct discovery. *See* ECF No. 34 (Rule 56(d) Mot.). Plaintiffs followed by serving written interrogatories and requests for production on Defendant. *See* ECF No. 52-1 (Pls. Disc.). Defendant provided responses and objections on October 6, 2025. Plaintiffs thus had until November 5, 2025, to move to compel responses. *See* N.D. W. Va. L.R. 37.02(b).

On October 28, 2025, Plaintiffs advised that they believed Defendant's responses to Interrogatories Nos. 1–9 and 13–15 and Requests for Production Nos. 2–5 and 8–16 were deficient. *See* ECF No. 52-3, PageID 462–464 (M. Tackeff Ltr. (Oct. 28, 2025)). Although under no obligation to provide a written response, Defendant responded with a letter justifying its objections. *See* ECF No. 52-4 (D. Kratzer Ltr. (Nov. 4, 2025)). Plaintiffs and Defendant gathered for a good faith conference on November 4, 2025, but that conference was fruitless. The next day, Plaintiffs filed their motion to compel.

## LEGAL STANDARD

While the scope of discovery is broad, it is not boundless. A party "may obtain discovery regarding any nonprivileged matter that is relevant" to any

claims and defenses *and* "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The issue of proportionality depends on several factors, including "the importance of discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* When the party seeking discovery is presented with objections to their requests, they must first attempt to confer with the other party. Fed. R. Civ. P. 37(a)(1). If that does not resolve the matter, they may move to compel responses. Fed. R. Civ. P. 37(a)(3)(B).

## ARGUMENT

Plaintiffs issued overbroad and unduly burdensome discovery requests and consequently received objections to their requests. They now ask this Court to permit their fishing expedition.[3] This Court should deny their motion

---

[3] Plaintiffs raise two additional concerns that Defendant is compelled to address. *First*, Plaintiffs assert that "Core has effectively already admitted that its layoffs probably constituted a plant closing." ECF No. 53, PageID 485 n.3 (Mot. Compel). Plaintiffs base this assertion on information from the Carr affidavit—a curious choice since they moved to strike the affidavit—which noted that 161 Leer South employees were terminated on February 21, 2025. ECF No. 28-1, PageID 165 (D. Carr Aff.); see also ECF No. 34 (Rule 56(d) Mot.). But they fail to explain how that amounts to a plant closing for purposes of the WARN Act. Accordingly, Defendant has not "effectively" admitted that there was "probably" a plant closing. *Second*, Plaintiffs complain that Defendant has not explained what "final determination" or "exempt" mean for purposes of the produced spreadsheets. ECF No. 53, PageID 485 n.3 (Mot. Compel). But Plaintiffs have never asked Defendant to explain those terms in the context of the produced spreadsheets.

to compel because it does not comply with Local Rule 37.02 and because Defendant made well-founded objections that should be sustained.

### 1. The motion to compel does not comply with Local Rule 37.02.

The motion to compel is deficient in two respects. First, the motion largely fails to specifically address the responses Plaintiffs believe are inadequate. Second, for the few responses specifically addressed, the motion does not provide any authority for Plaintiffs' position.

Local Rule 37.02(a) provides the three things that a motion to compel must include: (1) "each discovery request or disclosure requirement, provided verbatim, and any response thereto to which exception is taken," (2) "the specific rule, statute or case authority supporting the movant's position as to each such discovery request or disclosure requirement," *and* (3) "certification of the good faith conference" with the names of the parties involved, "the manner by which they conferred," and "the date and time of the conference." N.D. W. Va. L.R. 37.02(a).[4]

Plaintiffs' motion falls short of complying with Local Rule 37.02(a) in a few ways. *First*, although Plaintiffs identify 12 interrogatories and 13 requests

---

[4] Plaintiffs cover most of the certification requirements in their brief, but they did not identify the specific individuals participating in the good faith conference. Bryan Cokely, Michael Moore, and Dallas Kratzer participated on behalf of Core, and Rodney Smith and Michael Tackeff participated on behalf of Plaintiffs.

5

for production as being in issue, they only specifically address a few—that is, Interrogatories Nos. 1, 3, and 13 and Request for Production No. 16. *See* ECF No. 53, PageID 485–487 (Mot. Compel). They have thus abandoned their challenge to the remaining interrogatories and requests. *Second*, even the few interrogatories and requests they specifically address are not accompanied with any "specific rule, statute or case authority" supporting Plaintiffs' position. So they have also failed to properly support their contentions as to their unabandoned interrogatories and requests. These failures are reason enough for this Court to deny Plaintiffs' motion.

### 2. The interrogatories and requests are impermissibly broad and overly burdensome.

Setting aside the motion's deficiencies, Plaintiffs are not entitled to the relief they seek because their interrogatories and requests for production are impermissibly broad and overly burdensome. Because "discovery should not be a fishing expedition," a party is not entitled to seek discovery on matters that are "not relevant to the allegations of the complaint" and "neither prove nor disprove a claim or defense." *Burgess v. Nationwide Prop. & Cas. Ins.*, 2024 WL 1699513, at *3 (N.D. W. Va. Mar. 27, 2024) (cleaned up); *see also Cuomo v. Clearing House Assn. LLC*, 557 U.S. 519, 531 (2009) (prohibiting "undirected rummaging through bank books and records for evidence of some unknown wrongdoing"); *Philips N.A. LLC v. Probo Med. LLC*, 2022 WL 17793491, at *3

(S.D. W. Va. 2022) (prohibiting "fishing expeditions that exceed the boundaries of the complaint and are based purely on unsupported speculation").

### a. Interrogatory No. 1

In this interrogatory, Plaintiffs asked Defendant to "identify each Employee that Defendant laid off or involuntarily terminated within 90 days of January 14, 2025" along with other information. ECF No. 52-1, PageID 427 (Pls. Disc.) (cleaned up).[5] This interrogatory is disproportionate to the needs of this case because it is not tailored to those needs or the allegations of the complaint. *See* Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3. Although this case is about Wolf Run Mining, LLC's Leer South separations in February 2025, this interrogatory demands information concerning any employees also terminated from Core and its other subsidiaries. Because this case is not about terminations outside Leer South, this interrogatory seeks information that is not relevant to the allegations of the complaint and is a fishing expedition. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3. Moreover, the name of every employee separated from employment at Wolf Run in February 2025 has been provided to Plaintiffs as part of Defendant's

---

[5] Importantly, Plaintiffs defined "Defendants" to include Core and its "predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone purporting to act on its behalf," including outside attorneys and accountants. ECF No. 52-1, PageID 425 (Pls. Disc.).

7

initial disclosure. *See, e.g.*, ECF No. 34-1 (M. Moore Email) (disclosing spreadsheet "that has all the employees as of February 21, 2025 and whether they were retained or not").

### b.  Interrogatory No. 3

In this interrogatory, Plaintiffs asked Defendant to indentify "any Person with knowledge or information concerning Defendant's decision to layoff and/or involuntarily terminate the Employees who were laid off and/or discharged on or around January 14, 2025 and at any other time in 2025" and to describe what each person knows. ECF No. 52-1, PageID 427 (Pls. Disc.). This interrogatory is disproportionate to the needs of this case because it is not tailored to those needs or the allegations of the complaint *and* because it is unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3. Again, although this case is about Leer South terminations in early 2025, this interrogatory demands information concerning any employees terminated from Core and its other subsidiaries. It also seeks information concerning terminations outside the relevant timeframe (i.e., January and February 2025). Because this case is not about terminations outside Leer South or the relevant timeframe, this interrogatory seeks information that is not relevant to the allegations of the complaint and is a fishing expedition. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

This interrogatory is also overly broad because it seeks the identity of anyone with any knowledge of the terminations, which likely numbers in the thousands. Plaintiffs take umbrage with Defendant's objection because "Core knows exactly what this interrogatory is getting at—a list of all individuals inside the company who made the decision to fire these employees." ECF No. 53, PageID 486 (Mot. Compel). While that may have been Plaintiffs' intent, that is not how the interrogatory is written.

Importantly, using the refined scope of this interrogatory, it stretches logic and common sense to assert that in a case where the central questions rest on the number of employees employed and then separated from work as of specific dates in time that somehow the identity of the people making the decisions to separate these particular employees is somehow relevant. Far to the contrary, the identity of the people who worked to make the layoff decisions is wholly irrelevant. The sole purpose of this interrogatory is to burden and harass Defendant.

      c.    **Interrogatory No. 13**

In this interrogatory, Plaintiffs asked Defendant to describe the relationship between Core, Leer South, Wolf Run, and other Core-related entities along with additional information about the entities. ECF No. 52-1, PageID 429–430 (Pls. Disc.). This interrogatory is disproportionate to the needs of this case because it is not tailored to those needs or the allegations of

the complaint. *See* Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3. Although this case is about Leer South terminations in early 2025, this interrogatory demands information concerning not just the relationship between Wolf Run and an employment site (i.e., Leer South) but also information about non-party Core-related entities. Plaintiffs claim that they are "entitled to understand the relationships between these entities," but they have not explained why relationships with non-party entities are or could be relevant. ECF No. 53, PageID 487 (Mot. Compel). Because this case is not about terminations outside Leer South, this interrogatory seeks information that is not relevant to the allegations of the complaint and is a fishing expedition.

### d. Request for Production No. 16

In this request for production, Plaintiffs asked Defendant to produce "any and all documents showing or discussing continuing operations at Leer South, including mining activity, work stoppages, administrative activity, or any other work-related activity, in 2025 following the layoffs conducted on January 14, 2025, and February 24, 2025." ECF No. 52-1, PageID 434 (Pls. Disc.) (cleaned up). This interrogatory is disproportionate to the needs of this case because it is not tailored to those needs or the allegations of the complaint. *See* Fed. R. Civ. P. 26(b)(1); *see also, e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3. Although this case is about Leer South

terminations in early 2025, this interrogatory demands information concerning "continuing operations" after the terminations relevant to this case. Because this case is about Leer South terminations between January and February 2025, this request seeks information that is not relevant to the allegations of the complaint and is a fishing expedition.

Defendant also noted that Plaintiffs' meaning of "continuing operations" was unclear. Plaintiffs have not offered any clarification and seem to take umbrage with Defendant's explanation that it did not know what Plaintiffs meant. *See* ECF No. 53, PageID 486 (Mot. Compel).[6] The lack of clarity exacerbates the problem with this request. For example, as worded the request effectively seeks every single Leer South document from after the layoffs, which is an overly burdensome request that is not tailored to the needs of this case.

Put more plainly, Wolf Run has already provided in its initial disclosure a list of more than 450 employees who were retained after the layoffs were instituted in February of 2025 at the mine. The precise nature of the work those individuals have performed in the months since the layoff is not likely to

---

[6] Plaintiffs also fault Defendant for mentioning that they may know about the type of work performed at Leer South and write that " 'you should talk to your clients' is not a reasonable discovery response.'" ECF No. 53, PageID 486 (Mot. Compel). But Defendant's statement in its letter was not a discovery response.

lead to the discovery of admissible evidence, i.e. a threshold inquiry for every discovery request, in this case where the substantive issue for the Court to decide center on the number of employees who were laid off, how many employees were not laid off, and the timing of the layoffs. To be clear, all of that information has previously been provided to counsel.

        **e.    Remaining Interrogatories and Requests for Production**

As noted earlier, Plaintiffs abandoned their concerns about the interrogatories and requests for production not specifically addressed in their motion. Nonetheless, out of an abundance of caution, Defendant broadly addresses the other responses and objections identified in Plaintiffs' spreadsheet of grievances. *See* ECF No. 52-5 (Disputed Reqs.).

*First*, the remaining interrogatories seek information and documents concerning Core and its other subsidiaries along with their agents, representatives, and employees. *See, e.g.*, ECF No. 52-1, PageID 428–429, 432–433–434 (Pls. Disc.) (Interrogatories Nos. 6–9, Requests for Production Nos. 10–12, 14–15). Those requests are disproportionate to the needs of this case because this case concerns only terminations at Leer South, which is owned and operated by Wolf Run Mining LLC. Consequently, Plaintiffs are not entitled to demand the records of Wolf Run's parent company and any other subsidiaries. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

*Second*, some of the remaining interrogatories and requests seek information and documents concerning employment sites other than Leer South operated by Core and its other subsidiaries. *See, e.g.*, ECF No. 52-1, PageID 427, 431, 433 (Pls. Disc.) (Interrogatory No. 2 and Requests for Production Nos. 2–3, 11). Those requests are disproportionate to the needs of this case because this case concerns only Leer South terminations, not terminations occurring at other employment sites. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

*Third*, other interrogatories and requests seek information and documents concerning terminations that occurred outside January and February 2025. *See, e.g.*, ECF No. 52-1, PageID 427, 430, 432 (Pls. Disc.) (Interrogatory Nos. 4, 14–15 and Requests for Production Nos. 4–5, 8–9). Those requests are disproportionate to the needs of this case because this case concerns only terminations between January and February 2025, not terminations occurring before or after that period. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

*Fourth*, a few interrogatories also lack any reasonable limitations. *See, e.g.*, ECF No. 52-1, PageID 429–430 (Pls. Disc.) (Interrogatories Nos. 9 & 14). For example, Interrogatory No. 9 requests all information about changes in ownership and assets, which would require Defendant to detail all coal sales, equipment purchases, and other transactions irrelevant to this case. For

another, Interrogatory No. 14 seeks the indentity of every person who worked at Leer South in 2024 and 2025 and thus seeks information well outside the relevant timeframe. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

*Fifth*, a few more interrogatories and requests demand information about anyone with "knowledge or information." *See, e.g.*, ECF No. 52-1, PageID 428 (Pls. Disc.) (Interrogatories Nos. 5–6 and Request for Production No. 13). These demands are unduly burdensome because, as worded, individuals with "knowledge or information" would include not only every Leer South employee but potentially spouses, children, relatives, and acquaintances who learned about the layoffs. *See e.g.*, *Burgess*, 2024 WL 1699513, at *3; *Philips*, 2022 WL 17793491, at *3.

## CONCLUSION

This Court should deny Plaintiffs' motion to compel because it fails to comply with the local rules and because their discovery requests are impermissibly broad and unduly burdensome.

BY COUNSEL

STEPTOE & JOHNSON PLLC

*/s/ Dallas F. Kratzer III*
Dallas F. Kratzer III
41 S. High St., Suite 2200
Columbus, OH 43215
614.458.9827
dallas.kratzer@steptoe-johnson.com