IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:25-cv-4 |
| ) | Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. ) ) | |
| Defendant. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.02, Plaintiffs Jason Loughrie ("Loughrie") and Caleb Malcomb ("Malcomb"), (collectively "Plaintiffs"), respectfully submit this succinct reply memorandum in support of their Motion to Compel. D.E. 52, 53, 63.

Defendant Core Natural Resources, Inc. ("Core") has settled on a simple strategy in this case with regard to discovery: "*trust us when we say there is no case here*." The discovery requests Plaintiffs propounded here were fairly simple requests, asking for details on the who, the how, and the why of these terminations. D.E. 52-1. For example, in a case under the WARN Act, the identity of the people making the decision to fire the terminated employees could not be more relevant to the case. It is not a fishing expedition in a murder case to ask, "Who done it?" And yet, Core explicitly avers in its response that "the identity of the people who worked to make the layoff decisions is wholly irrelevant." D.E. 63 at 9, PageID# 529. It is neither harassing nor burdensome to solicit simple answers about the basic facts of this case. Core does not simply get to pick and choose which documents it thinks are relevant, serve them as initial disclosures, and then decline to answer any further discovery. Yet that is Core's strategy, and it does not comply with Rule 26.

1

Core's argument regarding Local Rule 37.02 is also a red herring. Plaintiffs provided the discovery requests at issue and Core's responses. D.E. 52-5. Plaintiffs provided the authority indicating that all of Core's answers to those requests are evasive under Rule 37(a)(4). D.E. 53 at 3–4, PageID# 484–85. And Plaintiffs provided the date and time of the conferral. D.E. 53 at 2, PageID# 483. Each of Core's responses to these basic discovery requests was evasive. Thus, the same authority applies. There is no question that the Court has everything it needs to determine whether this Motion should be granted.

The cases that Core cites are not WARN Act cases and have no application here. Core reads these cases too far. For example, Core asserts that *Burgess* stands for the proposition that a party is not entitled to seek discovery on matters "not relevant to the allegations in the complaint." But that sentence is simply quoting a discovery response submitted in that case by one of the parties. *Burgess v. Nationwide Prop. & Cas. Ins. Co.*, No. 3:23-CV-142, 2024 WL 1699513, at *3 (N.D.W. Va. Mar. 27, 2024); *see also* Case 3:23-cv-00142-GMG-RWT (N.D. W.V.), D.E. 61 at 7, PageID# 1204. And in general, relevance is not limited by the exact issues identified in the pleadings. *Edge v. Roundpoint Mortg. Servicing Corp.*, No. 1:21-CV-122, 2023 WL 2656751, at *3 (N.D.W. Va. Mar. 27, 2023) (Kleeh, J.). In *Phillips*, upon which Core also relies in its response, the Court found that the requested information "falls far short of the type of 'undirected rummaging through . . . records for evidence of some unknown wrongdoing' that constitutes an improper fishing expedition." *Philips N. Am. LLC v. Probo Med. LLC*, No. 2:21-CV-00298, 2022 WL 17793491, at *4 (S.D.W. Va. Dec. 19, 2022). So, the quoted authority does not assist Core.

Plaintiffs in this case offered to narrow some of the discovery disputes at issue. *E.g.*, D.E. 52-3 at 2, PageID# 462 ("We agree to narrow the scope of this interrogatory to any individuals employed by Core or any of its subsidiaries (including Wolf Run Mining, LLC) in the Phillipi,

2

West Virginia region."). Core's response indicates that it intends to simply stand on its denials and continue trying to work through this case without answering discovery.

The Motion to Compel should be granted, and this case should proceed.

**JASON LOUGHRIE; CALEB MALCOMB,** *individually and on behalf of those similarly situated,*
**By Counsel,**

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
M. Alex Urban (WVSB # 13480)
Rod Smith Law PLLC
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Samuel Gladney (MO Bar# 69094)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
Facsimile: 615-255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611

872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:25-cv-4 <br> Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. ) ) | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via electronic mail, on this 25th day of November, 2025, on all counsel of record.

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

                 */s/ Rodney A. Smith*
                 Rodney A. Smith (WVSB # 9750)

M. Alex Urban (WVSB # 13480)
Rod Smith Law PLLC
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com
aurban@lawwv.com

J. Gerard Stranch, IV (TN BPR #23045)
Samuel Gladney (MO Bar# 69094)
Michael C. Tackeff (TN BPR #036953)
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615-254-8801
Facsimile: 615-255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*