IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOLM, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORE NATURAL RESORUCES, INC.,<br><br>Defendant. | CIVIL ACTION NO.: 2:25-CV-4<br>(JUDGE KLEEH) |

**REPORT AND RECOMMENDATION, RECOMMENDING
THAT PLAINTIFFS' MOTION FOR RELIEF UNDER
RULE 56(d) [ECF NO. 34] BE GRANTED IN PART AND DENIED IN PART**

This matter is before the undersigned United States Magistrate Judge pursuant to a Referral Order [ECF No. 55] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on November 6, 2025. By that Referral Order, Chief Judge Kleeh referred to the undersigned, for hearing and entry of a Report and Recommendation, Plaintiffs' motion [ECF No. 34] for relief under Rule 56(d) and to strike the affidavit of Defendant's corporate representative Joshua Carr (the "Carr Affidavit"), filed on September 5, 2025. The Court also is in receipt of Plaintiffs' memorandum [ECF No. 35] in support of their motion, filed on the same date. Additionally, the Court is in receipt of Defendant's response [ECF No. 45] in opposition to the motion, filed on September 19, 2025, and Plaintiffs' reply [ECF No. 46] in support of their motion, filed on September 26, 2025. On December 3, 2025, the undersigned convened a Motion Hearing concerning the referred motion, by videoconference, at which appeared counsel for the respective parties.

1

After a thorough review of the motion, response, and reply, and of the record herein and pertinent legal authority, and after having received the arguments of counsel at the Motion Hearing, the undersigned hereby respectfully **RECOMMENDS** that Plaintiffs' motion be **GRANTED in part**, insofar as it pertains to Rule 56(d) relief, and **DENIED in part**, insofar as they request striking the Carr Affidavit, as more fully set forth herein.

### I. BACKGROUND AND FACTUAL ALLEGATIONS[1]

Plaintiffs are members of a putative class of persons who are (or were) Defendant's employees. By their Class Action Complaint [ECF No. 1], Plaintiffs allege certain violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act"). Plaintiffs allege that Defendant operated a coal mine located in Barbour County, in the Northern District of West Virginia, and that in early 2025, Defendant terminated members of the putative class from its employment. In so doing, Plaintiffs allege, Defendant did not timely provide the notice required under the WARN Act for those terminations of employment. Plaintiffs seek, *inter alia*, a declaration that Defendant violated the WARN Act, back pay, monies for lost benefits, an assessment of civil penalties, and their attorney fees and costs.

Generally put, Defendant challenges the WARN Act claims by arguing that the circumstances of the employee terminations did not trigger the WARN Act's requirements for providing notice to its employees. Defendant argues that (1) it is not the entity that operated the mine in question, (2) simple math demonstrates that the number of terminations did not qualify as

---

[1] The issues raised in Plaintiffs' motion addressed hereby are similar to those raised in Plaintiffs' motion to compel [ECF No. 52] discovery. Plaintiff's motion to compel [ECF No. 52] is the subject of a corresponding Order, which the undersigned enters concurrently herewith. Given the commonality of issues raised in the two referred matters, portions of the instant Report and Recommendation and the corresponding Order are identical.

a "mass layoff" under the WARN Act, and (3) the terminations did not constitute a "plant closure" under the WARN Act.

## II. ANALYSIS

Pending before the Court is Defendant's motion [ECF No. 28] for summary judgment. Even though the summary judgment motion has been lodged at an early stage of the litigation, Defendant nonetheless argues that a straightforward calculation shows that the number of terminations at issue does not give rise to a WARN Act claim. Also, in the course of the discovery dispute addressed by the corresponding Order, Defendant argues that the employment records they have provided to Plaintiffs bear out their arguments, and that Plaintiffs have what they need to respond to summary judgment. Yet, Plaintiffs have filed their motion under Fed. R. Civ. P. 56(d), to challenge the propriety of the summary judgment motion at this juncture. Plaintiffs seek more discovery to be able to respond to the motion as needed.

As is well-established, under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if that party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Plaintiffs invoke a competing provision under Rule 56, which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). And under longstanding caselaw:

> Summary judgment is appropriate where the Court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . The burden of establishing the nonexistence of a genuine issue is on the party moving for summary judgment.

Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (citations and quotations omitted).

In the instant matter, and as set forth in the undersigned's corresponding Order, Plaintiffs understandably seek more information about how the terminations in question occurred. They argue that WARN Act claims are fact-intensive, and as such, they seek particulars about how and why the terminations were effectuated; details about whose employment was terminated and when; information about persons with knowledge about the decision to terminate employees' employment; the specifics of which employees were terminated outright, which were transferred, which were put on low earnings status, and the like; and information about continuing operations at the mine in question. By operation of that corresponding Order, the undersigned permitted Plaintiffs to pursue further written discovery (with some limitations). And at the Motion Hearing, the undersigned directed the parties to arrange for a deposition of an appropriate corporate representative of Defendant for Plaintiffs to get to the bottom of their questions about the employment records and related documents which Defendant has provided. Indeed, according to information defense counsel provided to the undersigned after the Motion Hearing, the parties have scheduled such a deposition for December 19, 2025. Moreover, that deposition will be of Joshua Carr, the human resources staffer whose affidavit serves as a basis for Defendant's summary judgment motion.

Under Rule 56(d), the Court has considerable latitude about how to handle Plaintiffs' request in this regard. Given the posture of the instant matter, the undersigned **FINDS** that deferring a ruling on the motion and allowing time to conduct further limited discovery is advisable. Once Plaintiffs obtain the further written discovery per the undersigned's corresponding Order, and have the opportunity to take Joshua Carr's deposition, they should be in a position to respond to Defendant's summary judgment motion. Indeed, at the Motion Hearing, Plaintiff's

counsel stated that if further discovery shows to their satisfaction that the employment termination numbers do not work in their favor, then Plaintiffs have no interest in pursuing a dead end.

On a related note, by their motion, Plaintiffs also request that the Carr Affidavit be stricken. However, the undersigned **FINDS** that striking the affidavit is unwarranted. Plaintiffs now are pursuing certain further discovery, per the corresponding Order, and will have the opportunity to probe the information giving rise to that affidavit. Indeed, Plaintiffs are scheduled to depose Carr himself.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, then, it is respectfully **RECOMMENDED** that Plaintiffs' motion [ECF No. 34] be **GRANTED in part**, insofar as they seek a delay on the Court's consideration of Defendant's summary judgment motion. Thus, it is further **RECOMMENDED** that the Court enter an Order deferring consideration of the summary motion and directing a timeline by which Plaintiffs respond to the motion upon completion of the further discovery described herein.[2] However, it is also **RECOMMENDED** that Plaintiffs' motion [ECF No. 34] be **DENIED in part**, insofar as they seek to strike the Carr Affidavit.

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

---

[2] The undersigned recognizes that the Court already has entered an Order [ECF No. 38] staying further summary judgment briefing, pending resolution of Plaintiffs' Rule 56(d) motion.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to any parties who appear *pro se* by certified mail, return receipt requested, and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: December 11, 2025.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE