IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> CORE NATURAL RESOURCES, INC. <br><br> Defendant. | Case No.: 2:25-cv-4 <br> Judge Thomas Kleeh |

**PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' unopposed motion for preliminary approval. Specifically, Plaintiffs request that the Court enter an order (1) granting preliminary approval of the Settlement; (2) certifying the Class for the purpose of the Settlement pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3); (3) ordering the Settlement Administrator to direct and issue notice to the Class under the terms of the Settlement Agreement; (4) appointing Caleb Malcomb, Jason Loughrie, and Joshua McDonald as Class Representatives for the purpose of the Settlement; (5) appointing J Stranch, Jennings Garvey PLLC, Cohen & Malad, LLP, Strauss Borrelli LLP, and Rod Smith Law, PLLC as class counsel; and (6) entering the proposed Settlement schedule.

Having reviewed the motion and corresponding materials, noting that Defendant does not oppose the motion, and being otherwise informed, the Court grants the motion as follows:

1. Plaintiffs' unopposed motion for preliminary approval is granted. The Settlement is within range of final approval, as it appears fair, reasonable, and adequate.

2. Moreover, the Notice Program is the best practical notice under the circumstances. The Notice Program includes multiple forms of notice.

3. Consistent with the Motion and with the parties' agreement in D.E. 78, the Court conditionally certifies a class of "All Wolf Run Mining LLC employees at the Leer South Mining Complex who experienced an employment loss, as defined by the WARN Act, within 90 days of January 14, 2025."

4. Though the exact size of the class will be determined by the Settlement Administrator after it duplicates the Class List, the Class is expected to meet or exceed 165 persons, easily satisfying the numerosity requirement.

5. Given the size of the Class, joinder of all affected people would be impractical, thus also making the class action the superior method of adjudication in this case.

6. Moreover, there are plenty of common questions of law and fact, as the proposed class members' claims arise under the same termination from the same facility that Plaintiffs allege were a violation of the WARN Act.

7. Furthermore, Class Counsel and the named Plaintiffs adequately represent the Class. They all have common interests with the absent class members, Class Counsel has attested that the named Plaintiffs have prosecuted this action admirably, and all Plaintiffs' counsel appear to have represented the Class well by achieving the settlement proposed here. Indeed, Class Counsel has deep experience negotiating WARN Act settlements.

8. Thus, the Court affirms its appointment of the named Plaintiffs as Class Representatives. The Court additionally appoints J. Gerard Stranch IV, Samuel K. Gladney, and Michael Tackeff of Stranch Jennings & Garvey, PLLC, Raina C. Borrelli and Samuel J. Strauss of Strauss Borrelli, LLP, Lynn A. Toops and Ian R. Bensberg, CohenMalad, LLP, and Rod Smith of Rod Smith Law PLLC as Class Counsel for the Settlement Class.

9. The Court appoints CPT Group as the Settlement Administrator. CPT is well qualified, and the Parties have already agreed to use their services.

10. Next, the opt out and objection procedures in the Settlement Agreement are fair and reasonable and provide sufficient due process. They are written in plain language and Class Members can review the Settlement Website for answers to any questions that may arise.

11. The Court will conduct a final approval hearing on **October 7, 2026 at 11:00 a.m.** in the **Elkins point of holding court** for the U.S. District Court for the Northern District of West Virginia. In the hearing, the Court will decide whether to grant final approval to the Settlement and will hear from any objectors.

12. All proceedings not related to the Settlement approval process are stayed indefinitely to be reinstated should the Settlement not be approved or is otherwise terminated.

**IT IS SO ORDERED.**

**ENTERED:** June 16, 2026

Tom S Kleeh

THOMAS KLEEH
United States District Judge