IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 2:25-cv-4<br>Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, AND SERVICE AWARDS</u>**

Plaintiffs Jason Loughrie, Caleb Malcomb, and Joshua McDonald, individually and on behalf of all others similarly situated ("Class Members" or "putative Class Members"), respectfully submit this memorandum in support of their motion for final approval of the Class Settlement Agreement and for an award of their reasonable attorneys' fees and expenses and Service Awards. Defendant does not oppose the relief requested herein.

**FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs respectfully incorporate by reference their briefing on their Motion for Preliminary Approval in this case. D.E. 95, 96, 97. Plaintiffs Jason Loughrie and Caleb Malcomb filed this action on March 7, 2025 for violations under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), on their own behalf and on behalf of the other similarly situated persons against Defendant Core Natural Resources, Inc. stemming from their February 20, 2025 terminations. Loughrie and Malcomb contend that all Plaintiffs were terminated, without cause and without proper notice, in violation of the WARN Act. Plaintiff Joshua McDonald filed a second-filed case with substantially the same allegations on July 3, 2025,

captioned *McDonald v. Arch Resources, Inc.*, Case No. 2:25-cv-00012-TSK. After a fruitful mediation, the parties entered into a settlement agreement which is now in the record. D.E. 93–96. This Court entered a preliminary approval order on June 16, 2026. D.E. 97. The final fairness hearing is scheduled for November 12, 2026. D.E. 99.

Defendant has agreed to a settlement of $750,000.00, an excellent result for the class. The Settlement Agreement in this case provides significant relief to Class Members through direct cash payments. D.E. 95-1 at PageID# 796. Following the payment of any service awards, attorneys' fees, expenses, and reasonable costs of Settlement Administration, the Settlement Fund will provide Class Members with cash payments. The Allocation Plan is simple and directly tied to the WARN Act's damages scheme. *See* 29 U.S.C. § 2104(a)(1). Each of the three Plaintiffs seek a service award of $1,500.00, consistent with the Settlement Agreement, and Plaintiff's counsel seeks an award of one third of the Settlement Fund, or $250,000.00. D.E. 95-1 at PageID# 810–811. Defendant will pay the Settlement Fund to the administrator once final approval is granted.

Before final approval can be granted, Due Process and Fed. R. Civ. P. 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974). The notice program successfully reached the Settlement Class. Defendant provided CPT Group with class data for 140 Class Members, and CPT mailed Court-approved notice to all identified Class Members. *See* Alejandra Zárate Decl. As of the date of filing, no opt out requests or objections have been received.

## ARGUMENT

As a matter of public policy, settlement is a highly favored means of resolving disputes, particularly in complex cases where substantial judicial resources can be conserved by avoiding

further litigation. See 2 Herbert Newberg and Alba Conte, NEWBERG ON CLASS ACTIONS § 11.41, at 11–85 (2d ed.1992) (citing cases); *see also United States v. Manning Coal Corp*., 977 F.2d 117, 120 (4th Cir. 1992) ("It has long been clear that the law favors settlement."). Rule 23(e)(2) provides that a proposed settlement may be approved only after a hearing and on a determination that it is fair, reasonable, and adequate: a task left to the sound discretion of the court. *See Berry v. Schulman*, 807 F.3d 600, 608 (4th Cir. 2015). In determining whether a settlement is fair, reasonable, and adequate, the court must consider the factors set forth in Fed. R. Civ. P. 23(e)(2). These factors "almost completely overlap" with those traditionally used by the Fourth Circuit, as set forth in *In re Jiffy Lube Sec. Litig*., 927 F.2d 155, 159 (4th Cir. 1991). *See In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 952 F.3d 471, 484 n.8 (4th Cir. 2020). Because Plaintiffs readily satisfy these factors, final approval is warranted in this matter.

**A. The Settlement is Fair.**

The Fourth Circuit applies a multi-factor test from *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir. 1991) and *In re Lumber Liquidators*, 952 F.3d at 471, and bifurcate the (fair, reasonable, and adequate) "analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided to the class members is sufficient." *Roldan v. Bland Landscaping Co., Inc.*, No. 320CV00276KDBDSC, 2022 WL 17824035, at *2 (W.D.N.C. Dec. 19, 2022). These overlap almost completely with the Rule 23(e)(2) factors.

There is a strong presumption in favor of finding a settlement fair. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (quotation marks and citation omitted). Courts apply a four-factor test to ascertain the fairness of a proposed settlement, to wit: "(1) the posture of the case at the time settlement was proposed; (2)

the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of [the] class action litigation." *Donaldson v. Primary Residential Mortg., Inc.*, No. CV ELH-19-1175, 2021 WL 2187013, at *4 (D. Md. May 28, 2021) (quoting *In re Lumber Liquidators*, 952 F.3d at 484 (citing *In re Jiffy Lube*, 927 F.2d at 159)). In the instant case, Plaintiffs have satisfied all four (4) factors.

*The Posture of the Case at the Time Settlement Was Proposed*. For this factor, the pertinent inquiry is whether a plaintiff "had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *West v. Cont'l Auto., Inc.*, No. 316CV00502FDWDSC, 2018 WL 1146642, at *4 (W.D.N.C. Feb. 5, 2018). Here, Plaintiffs extensively litigated this case, including conducting discovery, taking one deposition, and litigating a motion to compel and for summary judgment. D.E. 38, 69, 70, 75. The parties exchanged a significant amount of information regarding the terminations at issue, and participated fulsomely in a mediation. Considering that settlement is to be encouraged and a trial would be costly and complex with uncertain results, the litigation's posture at the time of the Settlement supports a finding of fairness. And litigation through trial would be complex, expensive, and uncertain. *Roldan.*, 2022 WL 17824035, at *3.

*The Extent of Discovery that Had Been Conducted*. The Parties conducted substantial investigations into the terminations and surrounding circumstances, engaged in formal discovery, and participated in meaningful discussions regarding the merits of the case before reaching the Settlement. During discovery, Defendant produced hundreds of pages of documents. The parties litigated a motion to compel. D.E. 70. Plaintiffs also took one deposition of the company. This factor supports a finding of fairness.

*The Circumstances Surrounding the Negotiations*. The parties discussed resolving this case throughout the litigation and through discovery. They also participated in a fruitful and arms-

length mediation. "Indeed, the Settlement followed lengthy discussions and considerable dialogue between the Parties, as well as arms-length negotiations involving extensive argument and counterargument." *West*, 2018 WL 1146642, at *4. The extensive negotiations described above demonstrate that the Settlement was the product of informed, arm's length negotiations and therefore satisfies Rule 23(e)(2)(B).

*The Experience of Counsel*. Class Counsel are highly experienced in consumer class actions and WARN Act cases. D.E. 95-1. Class Counsel's specialized knowledge and experience in this niche facet of the law placed them in a superior position to weigh the strengths and weaknesses in this case and, ultimately, arrive at the most favorable settlement for the Class. *Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 573 (E.D. Va. 2016) (counsel's "wealth of experience and knowledge in consumer-protection class actions" supported the settlement's fairness). Consequently, it is "entirely warranted" for this Court to "pay heed to" experienced Class Counsel's judgment that the Settlement is in the best interest of the Class. *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 255 (E.D. Va. 2009).

**B. The Settlement is Adequate.**

The evaluation of adequacy requires the court to "weigh the likelihood of the plaintiff's recovery on the merits against the amount offered in settlement." *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983). In addition to the additional requirement under the 2018 amendment of 23(e)(2), courts consider the following factors with respect to adequacy: "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the

settlement." *In re Jiffy Lube*, 927 F.2d at 159. The instant Settlement satisfies the above-referenced criteria and is therefore adequate.

*The Relative Strength of Plaintiffs' Case and Applicable Defenses*. While Class Counsel believes in the merits of Plaintiffs' claims, they also recognize the risks, costs, and time involved in prosecuting the case through the exhaustion of all appeals. Should the case continue, the Parties would engage in costly discovery, dispositive motion practice, and a trial. Considering the inherent uncertainty of litigation, if this case were to proceed, there is also a not-insubstantial probability that Class Members would receive significantly truncated benefits, or none. There is little dispute here that Core conducted a reduction in force in early 2025, but the circumstances and the consequences of that reduction in force have been and would be heavily litigated by the parties absent a settlement. While Plaintiffs believe their case is strong that Core should have given notice under WARN, the benefits to the Settlement Class outweigh the risks of continuing to litigate this case. And "no matter how confident one may be of the outcome of litigation, such confidence is often misplaced." *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 256 (E.D. Va. 2009) (quoting *W. Va. v. Chas. Pfizer & Co.,* 314 F.Supp. 710, 743–744 (S.D.N.Y.1970)).

*The Anticipated Duration and Expense of Additional Litigation and the Likelihood of Recovery on a Litigated Basis*. In addition to the substantial risks and uncertainties of continued litigation, the Parties can be assured that any further litigation would be expensive, complex, and time-consuming, and militate in favor of final approval of the Settlement. *Robinson v. Carolina First Bank NA*, No. 7:18-cv-02927-JDA, 2019 U.S. Dist. LEXIS 26450, at *21 (D.S.C. Feb. 14, 2019) ("There is a strong judicial policy in favor of settlement to conserve scarce resources that would otherwise be devoted to protracted litigation."). Further, the fact that the Settlement eliminates the substantial delay and expense of continued written discovery, depositions, expert witnesses, class certification briefing, summary judgment motions, trial, and likely appeals (a

process that could possibly extend for years and might lead to a smaller recovery, if any) strongly weighs in favor of approval. *See, e.g., Robinson v. Nationstar Mortg. LLC*, No. 8:14-CV-03667-TJS, 2020 U.S. Dist. LEXIS 262890, at *10 (D. Md. Aug. 19, 2020) ("Here, as in most class actions, there is risk to both parties in continuing towards trial. The Settlement fairly accounts for that risk."). Accordingly, this factor also weighs in favor of final approval.

*The Solvency of Defendant*. There is no indication that Defendant will be unable to satisfy a judgment. However, this factor is "largely considered beside the point given the other factors weighing in favor of…approval." *See Solomon v. Am. Web Loan, Inc.*, No. 4:17-cv-145, 2020 U.S. Dist. LEXIS 112782, at *17–18 (E.D. Va. June 26, 2020) (citing *Henley v. FMC Corp.*, 207 F. Supp. 2d 489, 494 (S.D. W.Va. 2002)).

*Degree of Opposition to the Settlement*. In the Fourth Circuit, courts assess the adequacy of a settlement from the perspective of informed class members, as reflected by their opposition—or lack thereof—to the proposed settlement. *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257 (E.D. Va. 2009) ("[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy."). And no federal circuit has adopted a bright-line opt-out threshold that automatically precludes settlement approval. Rather, the Fourth Circuit treats the degree of opposition as only one factor in the overall fairness analysis. *Berry*, 807 F.3d at 616. Indeed, a settlement is not rendered unfair or unreasonable merely because some class members oppose it. *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159–60. Courts have approved settlements involving comparable or greater levels of opposition. *See, e.g.*, *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799, 803 (3d Cir. 1974); *Lazy Oil Co. v. Witco Corp.*, 95 F. Supp. 2d 290, 317 (W.D. Pa. 1997) (approving settlement and noting that objections from approximately 18.1% of the class were not fatal to approval).

*The Settlement Provides Excellent Benefits and Treats Class Members Equitably*. Lastly, the Settlement establishes the $750,000.00 Settlement Fund and is an excellent result for the Settlement Class, as it will confer guaranteed monetary and equitable benefits without the risks inherent in continued litigation. The Settlement Fund allocation and method of distributing to the Settlement Class are also reasonable. See Fed. R. Civ. P. 23(e)(2)(ii). Each Class Member will receive their pro rata share of the Settlement Fund under the Allocation Plan, which is applied to each Class Member as a uniform formula. Because of this, the Settlement treats Settlement Class Members equitably relative to each other. See Fed. R. Civ. P. 23(e)(2)(D).

*The Adequacy of Class Representatives and Class Counsel*. After the 2018 amendments, Rule 23(e)(2) requires the court to consider: whether "the class representatives and class counsel have adequately represented the class." Rule 23(e)(2)(A) is satisfied because the Class Representatives actively participated in the litigation, communicated with counsel, reviewed case developments, and assisted in evaluating the Settlement. Likewise, Class Counsel are experienced class action and WARN Act practitioners who conducted a substantial investigation, reviewed discovery, evaluated Defendant's defenses, and negotiated the Settlement on behalf of the Settlement Class. Accordingly, the Class Representatives and Class Counsel have adequately represented the Settlement Class throughout this litigation. Notably, the requested attorneys' fees, costs, and service awards were disclosed in the Class Notice and are subject to separate Court review for reasonableness, further supporting approval under Rule 23(e)(2)(C)(iii).

*Final Certification of the Settlement Class Is Appropriate*. The Preliminary Approval Order analyzed the Rule 23(a) and (b)(3) class certification requirements and conditionally certified the Settlement Class for settlement purposes only. D.E. 97. Nothing has changed since Preliminary Approval that would affect the Court's granting final certification of the Settlement Class. Consequently, and for the reasons explained in Plaintiffs' Motion for Preliminary Approval, in the

Court's Preliminary Approval Order, Class Counsel's corresponding declarations, and reiterated herein, the Settlement Class should be finally certified for settlement purposes.

**C. Class Counsel is Entitled to an Award of Reasonable Attorneys' Fees**

The attorneys' fees in this matter of one-third of the common fund are reasonable. The common-fund doctrine, as applied in this instance, is consistent with the longstanding notion that attorneys often take a substantial risk of receiving no compensation whatsoever. *See generally Boeing Co. v. Van Gemert*, 100 S. Ct. 745, 750–51 (1980). Courts are vested with broad discretion in determining permissible attorneys' fees based on a reasonableness standard. *Hooker v. Sirius XM Radio, Inc.*, No. 4:13–CV–003, 2017 WL 4484258, at *2 (E.D. Va. May 11, 2017).

District courts in the Fourth Circuit largely use the percentage-of-recovery method when determining whether the requested fees are suitable. *In re Altria Grp., Inc.*, No. 3:20CV772 (DJN), 2023 WL 2116803, at *2 (E.D. Va. Feb. 20, 2023) (discussing *Fire & Police Retiree Health Care Fund*, 2020 WL 6826549; *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 757 (S.D.W. Va. 2009). Courts in the Fourth Circuit generally look to the following factors when determining the reasonableness of a fee award under the percentage of the recovery method: (1) the results obtained for the class; (2) the quality, skill and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; (7) public policy; and (8) the amount of time devoted to the case by Plaintiffs' Counsel. *Id.* (citing *Singleton*, 976 F. Supp. 2d at 682; *In re Genworth Sec. Litig.*, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016).

*The Results Obtained for the Class*. "The first and most important factor for a court to consider when making a fee award is the result achieved." *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016); *accord McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998). Through Class Counsel's efforts and negotiations, the Settlement provides a Settlement

Fund totaling $750,000.00. The Settlement Fund will provide immediate relief to the Class in the form of a cash payment, without requiring the Class Members to take any action. This benefit directly addresses the Class Members' harms without requiring further protracted litigation. Accordingly, this factor weighs in favor of approving the requested fee.

*The Quality, Skill, and Efficiency of the Attorneys Involved*. Class Counsel are highly experienced class action litigators with a well-respected reputation in WARN Act litigation. D.E. 95-1. Class Counsel worked hard and at great risk on behalf of the Settlement Class to obtain information and documents from Defendant regarding the claims at issue and leveraged their experience and knowledge from similar cases to negotiate a favorable Settlement.

*The Risk of Nonpayment*. Counsel undertook this case on a contingent basis without any guarantee of success. Cases taken on a contingent basis run a significant risk of no compensation at all. *Lowe v. Mid-Atlantic Coca-Cola Bottling Co.*, 33 Va. Cir. 361, 363 (Va. Cir. Ct. 1994); *see also Gilbert LLP v. Tire Eng'g & Distribution, LLC*, 689 F. App'x 197, 201 (4th Cir. 2017). The practice of counsel taking cases on a contingent-fee basis and seeking a percentage of the recovery as fees is important, as it gives countless plaintiffs access to counsel who might otherwise be unable to afford them. *See In re Abrams & Abrams, P.A.*, 605 F.3d 238, 245 46 (4th Cir. 2010) (noting the "significance" of contingency arrangements because "contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation," and "transfer a significant portion of the risk of loss to the attorneys taking a case").

*Objection by Class Members to the Fees*. No objections have been made by Class Members related to the reasonableness of the fees in this case. A lack of objections by class members as to fees requested by counsel is a factor that weighs in favor of the reasonableness of fees. *See Berry*, 807 F.3d at 618–19 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005)); *see also In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 844 (E.D. Va. 2016).

*Awards in Similar Cases*. In similar cases, courts have found that a one-third award of fees is reasonable. *See, e.g.*, *In re AWTR Liquidation, Inc.*, No. 213-bk-13775-NB Adv., 2013 WL 6859166, at *2 (Bankr. C.D. Cal. Dec. 13, 2013) (concluding one-third fee in WARN Act case was appropriate); *Mees v. Skreened, Ltd.*, No. 2:14-cv-142, 2016 WL 67521, at *5 (S.D. Ohio Jan. 6, 2016) (same); *Guippone v. BH S. & B. Holdings, LLC*, No. 09 Civ. 1029 (CM), 2011 WL 5148650, at *9 (S.D.N.Y. Oct. 28, 2011) ("[I]n more than 30 WARN actions class counsel was awarded a one-third fee."); *Knapp v. Badger Technologies, Inc.*, No. 12–CV–6637–CJS–MWP, 2015 WL 3745303, at *5 (W.D.N.Y. June 15, 2015) (awarding one-third fee in WARN Act case); *Assif v. Titleserv, Inc.*, CV 11-3203 (PKC) (AKT), 2014 WL 12843780, at *12 (E.D.N.Y. Aug. 25, 2014) (same).

*The Complexity and Duration of the Case*. This matter involved substantial risk, and Plaintiffs faced formidable hurdles if the litigation were to proceed. Additionally, the WARN Act contains a prevailing party fee-shifting provision, whereby "[i]n any [WARN Act] suit, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." 29 U.S.C. § 2104(a)(6). While attorneys' fee awards against Plaintiffs in WARN Act cases are rare, the fee-shifting provision, when considered in light of the evidence and the record, poses an additional risk to Plaintiffs and favors settlement. *See, e.g.*, *Guippone v. BH S&B Holdings LLC*, No. 09 CIV. 01029 (CM), 2016 WL 5811888, at *4 (S.D.N.Y. Sept. 23, 2016) ("[t]he Settlement reflects the recognition by the parties that there are significant, complex issues regarding the application of the WARN Acts and the various cases and regulations interpreting the WARN Acts as the facts of the case."); *Chambers v. Groome Transp. of Ala., Inc.*, No. 3:14CV237-CSC (WO), 2015 WL 9255332, at *3 (M.D. Ala. Dec. 17, 2015) ("[c]ompletion of this action through continued litigation would be extremely complex….[]…and the settlement simplifies resolution of the disputes. A full trial would last several days and include numerous witnesses.").

*Public Policy*. Public policy supports the requested fee award. Courts consider the risk of nonpayment and the difficulty of the case in evaluating this factor. *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 482 (D. Md. 2014). Because Class Counsel undertook this case on a contingent basis despite substantial litigation risk, the requested fee award furthers the public policy of encouraging experienced counsel to pursue meritorious class actions where recovery is uncertain. *See In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 263 (E.D. Va. 2009).

*The Amount of Time Devoted by Plaintiff's Counsel*. When analyzing the reasonableness of fees in a percentage-of-recovery scenario, courts often look to the lodestar cross-check. *McCune v. Faneuil Inc.*, No. 4:23-CV-41, 2024 WL 3811411, at *3 (E.D. Va. Aug. 13, 2024). The court need not exhaustively scrutinize the attorneys' hours, but a cross-check is a valuable data point to help ensure that the requested fees are reasonable. *Id.* Although, a lodestar cross-check is not required when the percentage-of-recovery method is used, *see Manuel v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:14cv238 (DJN), 2016 U.S. Dist. LEXIS 33708, at *14 (E.D. Va. Mar. 15, 2016), courts that do conduct them "have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (citation omitted); *see also Decohen*, 299 F.R.D. at 483 (awarding multiplier of 3.9); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 385 (D. Md. 2006) (awarding a 2.57 multiplier). Here, given the substantial litigation risks presented by Defendant's defenses, the discovery conducted, the settlement negotiations undertaken, and the result achieved for the Settlement Class, the requested fee is reasonable and should be awarded.

**D. Class Counsel's Costs are Reasonable and Should Be Awarded.**

Under Rule 23(h), a trial court may award nontaxable costs authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). "Reimbursement of reasonable costs and expenses to counsel who create a common fund is both necessary and routine*." Savani v. URS Prof'l Solutions*

*LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015). “The prevailing view is that expenses are awarded in addition to the fee percentage.” *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835-GLR, 2020 U.S. Dist. LEXIS 14772, at *20 (D. Md. Jan. 28, 2020) (citations and quotation marks omitted). Class Counsel respectfully requests that the Court reimburse expenses of $20,571.75 in costs, and award $9,500.00 in costs for the Administration of the Settlement. These costs were reasonable and incurred for the benefit of the Class and therefore should be reimbursed.

**E. The Proposed Service Awards Are Reasonable.**

“Incentive awards are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.” *Berry*, 807 F.3d at 613 (internal quotation marks and citation omitted). Much like attorneys’ fees, service awards to representative Plaintiffs must also be reasonable. *Casa de Md., Inc. v. Arbor Realty Tr., Inc.*, No. DKC 21-1778, 2024 U.S. Dist. LEXIS 41935, at *33 (D. Md. Mar. 11, 2024). Service awards equal to 1.75% of the total fund have been found to be reasonable. *Id.* Each Plaintiff in this case receives a $1,500.00 service award, which together total 0.6% of the total Settlement Fund. The Court should therefore approve the request for Service Awards.

## CONCLUSION

Plaintiffs have negotiated a fair, adequate, and reasonable Settlement that guarantees Settlement Class Members significant immediate relief. For the reasons discussed above, and for those described in the Motion for Preliminary Approval and Plaintiffs’ Motion for Attorneys’ Fees, and Service Awards, Plaintiffs respectfully request this Court enter the Final Approval Order, certify the Settlement Class, appoint Class Counsel and Plaintiffs as representatives for the Settlement Class, grant Final Approval of this Settlement, and award Service Awards, attorneys’ fees, and expenses.

Dated: October 28, 2026,

Respectfully submitted,

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
**Rod Smith Law PLLC**
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com

J. Gerard Stranch, IV
Samuel Gladney
Michael C. Tackeff
**STRANCH, JENNINGS & GARVEY PLLC**
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | | |
|---|---|---|
| JASON LOUGHRIE; CALEB MALCOMB, *individually and on behalf of those similarly situated,* | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 2:25-cv-4<br>Judge Thomas Kleeh |
| CORE NATURAL RESOURCES, INC. | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served via electronic mail, on this 28th day of October, 2026, on all counsel of record.

Bryan R. Cokeley
Steptoe & Johnson PLLC-Charleston
P.O. Box 1588
707 Virginia St., East, Suite 1700
Charleston, WV 25326-1588
bryan.cokeley@steptoe-johnson.com

Dallas F Kratzer , III
Steptoe & Johnson PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
dallas.kratzer@steptoe-johnson.com

Michael J. Moore
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
michael.moore@steptoe-johnson.com

*/s/ Rodney A. Smith*
Rodney A. Smith (WVSB # 9750)
Rod Smith Law PLLC
108 ½ Capitol Street, Suite 300
Charleston, WV 25301
304-342-0550
rod@lawwv.com

J. Gerard Stranch, IV
Samuel Gladney
Michael C. Tackeff
Stranch, Jennings & Garvey PLLC
223 Rosa Parks Ave., Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
sgladney@stranchlaw.com
mtackeff@stranchlaw.com

Lynn A. Toops
Ian R. Bensberg
Cohen & Malad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
ibensberg@cohenandmalad.com

Raina C. Borrelli
Samuel J. Strauss
Strauss Borrelli PLLC
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com
sam@straussborrelli.com

*Counsel for Plaintiffs*